LEWIS J. BEDFORD v. DANIEL J. PENNEY.

[See 58 Mich. 424.]

65   667|
125   486|
65   667|
127   332|

*Fraudulent conveyances—Province of jury—Replevin—General assignment by plaintiff for benefit of creditors—Exceptions to argument of counsel.*

1. It is the statutory doctrine of this State, so often repeated as to need no explanation, that fraud in the purchase of goods afterwards attached at the suit of creditors of the vendor is a question of *fact*, and not of law, unless in the very few cases where a transaction is *intrinsically* incapable of a *legal* and *honest* effect.

2. Where a vendee of goods replevied same from the attaching creditors of his vendor, and afterwards made an assignment for the benefit of his creditors,—

   *Held*, not to abate the replevin suit, and that the assignee would take the property replevied.

3. Where on the trial of a suit counsel requests the reporter to take

down his exception to certain remarks of the opposing attorney in his argument to the jury, but fails to challenge the judge's attention to the same,—

*Held,* that the objection cannot be raised in the appellate court.[1]

Error to St. Clair. (Stevens, J.) Argued April 14, 1887. Decided April 28, 1887.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion, and in former report of case in 58 Mich. 424.

*Chadwick & Wood,* for appellant.

*Elliott G. Stevenson,* for plaintiff.

CAMPBELL, C. J. This case has been here once before, and is reported in 58 Mich. 424. It is only necessary, therefore, to say that Bedford claims certain goods which were attached by defendant, as an officer, in favor of certain creditors of plaintiff's vendors, and that the only controversy is concerning the legal validity of plaintiff's purchase, and whether it was a fraud against those creditors. The jury found in plaintiff's favor.

We do not see that any substantially new questions appear in the record. It is the statutory doctrine of this State, so often repeated as to need no explanation, that fraud in such dealings as are complained of is a question of fact, and not of law, unless in the very few cases where a transaction is intrinsically incapable of a legal and honest effect. Here defendant's counsel claim that there was fraud in the previous and subsequent circumstances, and in the effect of what was done. The testimony introduced on both sides was within the general practice, which admits very liberally what may throw light on the character of such dealings. There is, so far as it has been discussed by counsel, nothing on the

[1] See *Hart Manf'g Co. v. Mann's, etc., Car Company,* 65 Mich. 565, and cases cited in note.

record which indicates any error or failure in the rulings unfavorable to defendant, unless the case could have been taken from the jury altogether. This we think could not have been done. It was certainly possible, and the jury have found it was true, that there was nothing wrong, legally or in fact, in the purchase. The case was one open to scrutiny, but the scrutiny has been had by the proper body. We do not find that the charge failed to present every rule which the jury needed light upon, and we do not think the court erred in failing to give the specific charges requested, which, if they did not trench on the province of the jury, as some did beyond question, were not, so far as correct at all, any better calculated to instruct the jury properly than what the judge actually said. The charge given was a very clear and sufficient one.

The court ruled out testimony of the amount of goods inventoried in plaintiff's subsequent assignment, fourteen months after purchase, for the benefit of his creditors. It was claimed to be pertinent in some way as indicating a reduction of the stock for some improper purpose connected with the vendors of plaintiff. We do not see what it would have proved. But the court did not rule it out, but allowed defendant to show, if he could, by that and other testimony, such use of the property as he complained of. It is also suggested, although no such claim seems to have been made at the trial, that this suit abated by that assignment. No authority is produced for that doctrine. The statute concerning assignments does not so provide. The assignee undoubtedly would take the replevied property, but that need not affect the suit.

It is also claimed the verdict should be set aside for misconduct of counsel in summing up. We do not think this objection is tenable. It is not manifest that the remarks complained of assumed facts not appearing in or deducible from the testimony. But it is enough to say that counsel,

instead of calling the judge's attention to what was objected to, merely notified the reporter to take down his exception, and the judge certifies that he expected to have his attention called to anything deemed improper, and it was not done. We cannot reverse a judgment for objections not pointed out below.

The judgment must be affirmed.

The other Justices concurred.