SHAW *v.* TOWNSHIP OF SALINE.

1. BRIDGES—GRADED APPROACH—DUTY TO REPAIR.

A graded approach to a bridge is a part thereof, and must be kept in reasonably safe condition by the corporation charged with the care of the bridge itself.

2. SAME—RAILINGS AND BARRIERS—TOWNSHIPS AND VILLAGES.

Thus, under 1 How. Stat. § 2853, making it the duty of the township in which an incorporated village is located to build, control, and keep in repair all bridges within the village limits in highways established by authority other than that of the village itself, the township, and not the village, has the duty of erecting and maintaining the railings and barriers necessary to render a graded approach to such a bridge reasonably safe for public travel.

3. SAME—PERSONAL INJURIES—PROXIMATE CAUSE.

The absence of side railings along the approach to a bridge is the proximate cause of an accident to one who, while driving in the usual track, without fault on his part, is precipitated over the embankment by reason of his horse's stumbling and becoming unmanageable.

4. APPEAL—ASSIGNMENTS OF ERROR—INSTRUCTIONS.

Objections to portions of the charge upon which no error is assigned cannot be considered.

5. TRIAL—REQUESTS TO CHARGE—ORDER OF CONSIDERATION.

A defendant has no absolute right to have the instructions preferred by him reserved until after those proposed by the plaintiff have been passed upon, the matter being entirely within the discretion of the court.

Error to Washtenaw; Kinne, J.  Submitted April 9, 1897.  Decided June 7, 1897.

Case by Clifford R. Shaw against the township of Saline for personal injuries.  From a judgment for plaintiff, defendant brings error.  Affirmed.

*Frank E. Jones* and *Seth C. Randall*, for appellant.

*Lawrence & Butterfield*, for appellee.

Montgomery, J.  This action is brought by the plaintiff to recover damages arising from an injury received on the 24th of January, 1895, within the limits of the defendant township, the place at which the injury occurred being the immediate approach to the bridge over the Saline river.  This bridge is within the corporate limits of the village of Saline.  The bridge consists of a substantial iron structure, placed on stone abutments, 11 feet above the surface of the water.  From the south end of the bridge proper, there is an embankment that extends south about 100 feet.  At the south abutment of the bridge, the top of the embankment is 11 feet above the river.  At a distance of 100 feet from the south end of the bridge, the approach is 18 feet wide, but as it approaches the bridge it becomes narrower, and next to the abutment it is 13 feet wide.  The traveled part of the road near the south end of the bridge is 8 feet in width, and is 6 inches higher in the center than at the sides. From either side of the 8 feet the slope is much steeper. On the day in question, the plaintiff was driving a horse belonging to a neighbor, Mrs. Townsend, which she had requested the plaintiff to take to the village of Saline, and have shod.  The horse was not shod behind, and had smooth shoes on the front feet.  He was 18 or 19 years old, kind and gentle, and blind.  The plaintiff had driven and worked the horse before.  The road was at the time, as appears by the testimony, slippery and icy. In the center of the road the sleighing was not good, but

on either side there was a narrow border of snow and ice. Plaintiff testified, however, that he was driving in the center of the road; that, as the horse came near the bridge, he slipped, and went sideways. The horse went down the embankment, throwing plaintiff over the embankment, inflicting very serious injuries. The defendant's theory—and there was some testimony tending to sustain it—was that the plaintiff was not keeping to the center of the road, but was on the outside, and that he was in fault in not keeping in the center of the road. Under the instructions which the court gave to the jury, however, it is quite evident that the jury found in accordance with the plaintiff's testimony upon the question of fact.

The principal questions raised on this writ of error are:

1. Was it incumbent upon defendant township to erect and maintain railings and barriers, even though the same were necessary, within the limits of the incorporated village of Saline?

2. Does the law making it incumbent upon the township to erect and maintain a bridge include the approaches?

3. Was the plaintiff guilty of such contributory negligence as would bar his recovery as a matter of law?

4. Was the absence of railings or barriers the proximate cause of the injury to plaintiff?

The general statute for the incorporation of villages, under which the village of Saline was, by the terms of its charter, acting, viz., 1 How. Stat. § 2853, confers supervision and control of public highways, bridges, streets, etc., upon the council, but contains this proviso:

"That the bridges within the limits of any village incorporated under this act, in the highways leading into or through said village which have been or shall hereafter be laid out by the commissioners of highways of the township or townships in which said village may be located, or established by any other lawful authority, except the authority of such village, shall be built, controlled, and kept in repair by the township or townships in which they may be located, the same as if said village were not incorporated."

We think it evident that whether a railing was necessary in order to render the approach to this bridge reasonably safe for public travel was a question for the jury. *Malloy* v. *Township of Walker*, 77 Mich. 448; *Gage* v. *Railroad Co.*, 105 Mich. 335. This question was submitted to the jury, and the ruling was undoubtedly within the authorities above cited, if the approach to the bridge is to be treated as a part of the bridge within the meaning of the statute above referred to. We think it should be so treated. The condition of the highway before the approach was constructed would not permit a traveler to reach the bridge, and the fair construction of the statute requiring such bridges to be constructed by the highway authorities would include such construction as would make them passable, and make them available to the public. In the following cases the approaches to a bridge are held to constitute a part of the bridge: *Board of Com'rs of Rush Co.* v. *Rushville & Vienna Gravel-Road Co.*, 87 Ind. 505; *Whitcher* v. *City of Somerville*, 138 Mass. 455; *Driftwood Valley Turnpike Co.* v. *Board of Com'rs of Bartholomew Co.*, 72 Ind. 237. See, also, *Rex* v. *Inhabitants of West Riding*, 7 East, 588; *Com.* v. *Inhabitants of Deerfield*, 6 Allen, 449; *Tinkham* v. *Town of Stockbridge*, 64 Vt. 480.

Defendant's counsel insist that the condition of the highway was not the proximate cause of the accident. We are unable to agree with this contention. The instruction of the learned circuit judge upon this question was as follows:

"If you find from the evidence that this accident is due to the fact that plaintiff carelessly drove his horse outside the usual traveled track, and near the edge of the embankment, and that action on the part of the plaintiff caused the accident, then the plaintiff cannot recover. If, however, he kept his horse in the usual traveled track, and, without fault on his part, the horse slipped and stumbled and became unmanageable, then, if such action on the part of the horse contributed to the accident, the plaintiff cannot thereby be charged with contributory negligence."

And in response to defendant's request he charged that:

"If the jury find from the evidence that the township was negligent in not causing railings or barriers to be erected, and shall also find that the plaintiff, by his negligence, and from the fact that the horse being driven by the plaintiff was blind, and not shod, and that he, by his want of care and attention to the horse, or voluntarily, strayed off the traveled or wrought portion of the road, and that the accident was thereby caused, then the plaintiff would not be entitled to recover."

In *Gage* v. *Railroad Co.*, 105 Mich. 335, the rule was approved that, if there be no fault on the part of the plaintiff, and the injury be the combined result of accident and the insufficiency of the road, the plaintiff may recover. The question of whether there was fault on the part of the plaintiff was in this case submitted to the jury.

The counsel discuss in their brief the instruction of the trial judge upon the subject of damages. But, as no error is assigned upon this in the record, we cannot consider the ruling.

We think no error was committed in the reception of testimony which worked any injury to defendant.

The only remaining question discussed in the briefs of counsel is whether it was error for the circuit judge to give the requests of defendant to the jury first, instead of giving the requests of plaintiff first. This is a novel proposition, and we think the suggestion that this court should undertake the control of the order in which topics should be presented to the jury wholly without merit.

The judgment will be affirmed.

The other Justices concurred.