PEOPLE, *ex rel.* ATTORNEY GENERAL, *v.* BAY COUNTY BRIDGE COMMISSION.

BRIDGES—APPROACHES—DUTY TO REPAIR—UPON WHOM IMPOSED.
 It is the duty of a bridge commission, to which is given the control of all the bridges within a certain district, comprising two cities separated by a river, to keep in repair the approach to a bridge connecting the cities, theretofore in charge of the board of supervisors, who acquired it from the original construction company, where the approach was constructed upon unplatted land, and has always been repaired by those owning and controlling the structure, and where the act establishing the commission provides that all moneys raised thereunder shall be expended for the purpose of building, repairing, and operating bridges "and the approaches thereto."

*Mandamus* by the people, on the relation of Fred A. Maynard, attorney general, to compel the Bay county bridge commission to keep in repair the approach to a certain bridge.   Submitted January 4, 1898.   Writ granted January 25, 1898.

*Lee E. Joslyn,* for relator.

*C. L. Collins,* for respondent.

MOORE, J.   This is a proceeding brought to determine who should keep in repair that portion of the approach to the Third-Street Bridge across Saginaw river which lies between the west end of the bridge and the east end of the cedar-block pavement on Midland street, in West Bay City, Mich.   It is claimed by the relator that it is the duty of the respondent to do so, while the respondent claims that it is not its duty to keep that portion of the street in repair lying between the east end of the cedar-block pavement on Midland street and the west end of the cobble-stone pavement lying west of the west end of the bridge.   It is conceded by counsel on both sides that there is no great controversy about the facts.   No question is made about the parties to this proceeding, or the form of the proceeding.   All parties in interest are anxious to have the question decided upon its merits.

The record discloses the following facts: The city of West Bay City is connected with Bay City by the Third-Street Bridge, built across the Saginaw river, from Third street, in Bay City, to Midland street, in the city of West Bay City.   About the year 1865 the Bay City Bridge Company constructed a bridge at the same point where the Third-Street Bridge is now located.   At the time the bridge was constructed, there was no road between the west span of the bridge and the west meander line of the river, which line is now the end of the cedar-block pavement aforesaid.   Midland street was dedicated for a street by the plats of Lake City and Litchfield's addition in West Bay City, which plats extend easterly only to within

150 feet of the end of the cedar-block pavement on Midland street, so called; and the balance of Midland street, from the west meander line of the Saginaw river to the west span of the Third-Street Bridge, is now, and has always been, unplatted property. The Bay City Bridge Company, in constructing its bridge, built the west approach to the bridge by driving spiles, upon which stringers were placed, and covered with plank. The ground underneath was covered with water. This highway was, after its construction, controlled and operated by the Bay City Bridge Company as a toll bridge until in or about the year 1882. Soon after the erection of the Third-Street Bridge, the company, commencing at the west end of this piece of roadway, began filling in the same with plank, slabs, edgings, and refuse from the sawmills, and this work was continued for several years; and during the same time the owners of the land on either side of said bridge approach caused the same to be filled in, until the land now, on each side of said bridge approach, is in some places not more than 1½ or 2 feet below the approach to said bridge; the approach, however, being in some places from 4 to 6 or 7 feet above the land on either side thereof.

The Bay City Bridge Company continued to own and operate the said Third-Street Bridge and west approach thereto as a toll bridge until 1882, at which time the legislature passed an act authorizing the county of Bay to purchase the Third-Street Bridge across the Saginaw river, or to build a bridge across said river at some other point. On January 9, 1883, the board of supervisors purchased from the Bay City Bridge Company the said Third-Street Bridge, paying therefor the sum of $23,000, and a conveyance of said property was then and there made by the said Bay City Bridge Company to the county of Bay, the property so conveyed being described as follows:

" All that certain piece of property known as the 'Third-Street Bridge,' constructed across the Saginaw river from the foot of Third street, in Bay City, to the west-side bank of said river, opposite the foot of Third street afore-

said, and all interest, claim, and demand of said Bay City
Bridge Company in and to the approaches to said bridge,
—as well the approach to the eastern end thereof as the
approach to said bridge from the foot of Midland street, in
West Bay City, to the west end of said bridge."

After the conveyance of said property to the county of
Bay, the board of supervisors of said county took posses-
sion of said bridge, and of each of the approaches thereto,
kept the same in repair and open to the public, and con-
tinued so to do until after the passage of Act No. 278 of
the Local Acts of 1889, which act established the Bay
county bridge commission, and also established a bridge
district in the county of Bay, which bridge district is com-
posed of the cities of Bay City and West Bay City.   By
said act all bridges in said district were placed in charge
of, and under the control of, the said Bay county bridge
commission, and the said Third-Street Bridge and the
west approach thereto are situated within the bridge dis-
trict established by said act.   After the purchase of the
Third-Street Bridge by the county of Bay, the county of
Bay purchased a strip of land on the north side of the
west approach to the said Third-Street Bridge, extending
east and west along the entire length of said west ap-
proach; and under the direction of the said board of
supervisors a sidewalk was constructed upon and along
the north side of said west approach.   In 1883 the board
of supervisors also procured from Henry W. Sage, who
was the owner of the territory immediately south of said
bridge approach, a conveyance to the county of Bay of
the piece of land upon which the west approach to said
bridge is constructed.   Previous to that time, and when
said Third-Street Bridge was owned by the Bay City
Bridge Company, said Bay City Bridge Company had a
lease of the said land from the said Henry W. Sage.

After the passage of Act No. 278 of the Local Acts of
1889, the Bay county bridge commission was duly organ-
ized as provided for in said act; and soon afterwards it

115 MICH.—40.

took charge of the said Third-Street Bridge, rebuilt the bridge proper, and constructed a cobble-stone pavement extending west from the west pier of said Third-Street Bridge 160 feet. In rebuilding Third-Street Bridge, it was constructed several feet higher than the approach thereto had previously been; and the Bay county bridge commission, after the completion of the Third-Street Bridge by it, caused the west approach to said Third-Street Bridge to be filled in and raised so that the grade of the west approach would be upon a level with the bridge proper. From the cobble-stone pavement constructed by the Bay county bridge commission, westerly to the east end of the cedar-block pavement on Midland street, a distance of about 503 feet, the land which has always been used as a bridge approach since the construction of said Third-Street Bridge, in 1865, is 66 feet in width. All of the work, labor, and repairs that have ever been done to said west bridge approach have been done by the said Bay City Bridge Company, by Bay county, and by the Bay county bridge commission, in filling in as above referred to. The city of West Bay City has always maintained that it was not its duty to repair the west approach to said bridge, or any part thereof, or the sidewalk on either side thereof, and nothing has ever been done by the city of West Bay City towards keeping said bridge approach, or any part thereof, in repair; and the bridge commission claims that it is no part of its duty to repair said street between the cedar-block pavement and the cobble-stone pavement.

Act No. 278 of the Local Acts of 1889, § 3, provides as follows (referring to the said Bay county bridge commission):

"It shall have power, and it shall be its duty, to receive from the board of supervisors of Bay county a conveyance of the Third-Street Bridge, and the Twenty-Third-Street Bridge, and all bridge material or property then owned by Bay county; also such moneys as may be on hand and unexpended, which have heretofore been raised for the construction, care, and maintenance of bridges

across the Saginaw river in said county, and such other moneys as may hereafter accrue for such purposes."

Section 4 of said Act No. 278 provides for the determination by the bridge commission of the amount of money it will be necessary to raise for bridge purposes in said district each year, for the apportionment thereof between Bay City and West Bay City on the basis of the assessed valuation, for the assessment of such taxes, limits the amount thereof for the year 1889 and each year thereafter, and then provides as follows:

"All moneys that shall come under control of this commission by virtue of this act shall be expended exclusively for the purpose of building, repairing, and operating said bridges and the approaches thereto."

The relator asks for an order of this court requiring the Bay county bridge commission to keep in repair that portion of the west approach of the Third-Street Bridge, extending between the city of Bay City and the city of West Bay City, in the county of Bay, described as follows, to wit:

"A piece of land 66 feet wide, north and south, beginning 160 feet west of the west span of said Third-Street Bridge, and extending westerly therefrom 503 feet, to the east line of the cedar-block pavement on Midland street, in the city of West Bay City, Bay county, Michigan."

This bridge was the first one built across the Saginaw river, connecting Bay City and West Bay City. It is a very important thoroughfare. An electric street-car line crosses the river over this bridge, and the bridge connects the main business portions of the two cities. The West Bay City approach is a long one, and, from the character of the land, it has been an expensive one to build. It is very clear from the record that the portion of the approach involved here was originally constructed by the company which constructed the original bridge. Without its construction, the bridge itself could not have been used. It is evident, too, that whatever right the bridge company had to this approach was afterwards acquired by the

county of Bay. Accompanying the right was also the duty to keep this approach in repair. We think it also clear that whatever right the county of Bay had to the bridge and its approaches was afterwards acquired by the bridge commission, and following this right was the duty to keep in repair. The bridge was originally constructed for the benefit of all the people of both cities who might have occasion to use it. The approaches to the bridge were just as essential to its usefulness as the bridge itself, and it is just as important that the approaches should be kept in repair as that the bridge should be. *Shaw* v. *Township of Saline*, 113 Mich. 342; 4 Am. & Eng. Enc. Law (2d Ed.), 941. I cannot see why the same duty does not rest upon the bridge commission to keep this approach in repair as rests upon it to keep the bridge in repair.

Our attention is called to the fact that, while this approach was under the control of the county, in the case of *Douglas* v. *Bay Co.*, Justice Brown (now of the Supreme Court of the United States), the district judge for the Eastern district of Michigan, decided that the county was liable for a defect in the road in the disputed territory. The decision of so eminent a judge is entitled to a good deal of weight, but, were the question a new one, we should reach the same conclusion.

The writ will issue as prayed.

The other Justices concurred.