LAUDER *v.* TOWNSHIP OF ST. CLAIR.

1. PERSONAL INJURIES—BICYCLE RIDER—ACCIDENT AT HIGHWAY BRIDGE—ABSENCE OF SIDE RAIL—DUTY OF TOWNSHIP—NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.
    Plaintiff, a young woman, when riding a bicycle after dark, with a lighted lamp, southward along an unfamiliar highway, approached a bridge spanning a ravine. The bridge was 16 feet wide, and the roadbed practically level therewith, but the center of the bridge was placed so far west of the center of the traveled part of the highway that the east wagon track was but 18 inches from the east edge of the bridge, which on that side had no railing to protect it, and was obscured by the shadow of the trees. Warned by her companions, who preceded her, to avoid some cinders spread in front of the bridge, she inclined her wheel to the left of the east wagon track as she passed onto the bridge, of the existence of which she was not before aware, and rode off, and was injured. *Held*, that the questions of the township's negligence in failing to maintain a railing, and of plaintiff's contributory negligence, were properly left to the jury.

2. APPEAL—ARGUMENT OF COUNSEL—EXCEPTIONS—ASSIGNMENTS OF ERROR.
    Assignments of error based on exceptions taken to language used in the closing argument of counsel, noted by the reporter but not called to the attention of the court, will not be considered.

Error to St. Clair; Vance, J.   Submitted June 8, 1900. Decided January 29, 1901.

Case by Agnes Lauder against the township of St. Clair for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Lincoln Avery (Seward L. Merriam, of counsel)*, for appellant.

*Atkinson, Wolcott & Moore*, for appellee.

MOORE, J. This case was tried by a jury, who rendered a verdict in favor of the plaintiff. It is brought here by writ of error. The plaintiff is a young woman about 22 years old. It is her claim, and she offered testimony tending to support it, substantially as follows: One evening in August, 1896, about 7 o'clock, she left Port Huron with three companions to ride to St. Clair upon their bicycles, intending to return to Port Huron by boat. It was the first time the plaintiff had been over the road. She had ridden a wheel long enough to be a good rider. The highway runs nearly parallel with the St. Clair river, and is nearly a north and south highway. The party had proceeded about 10 miles, when they came to a bridge spanning a ravine 12 feet wide and 15 feet deep. The planks of the bridge were 16 feet long. At a distance variously estimated by the witnesses from 25 to 50 feet before reaching the bridge, the highway turns slightly to the west. It then proceeds in a straight course about the same distance south of the bridge, when it makes another slight turn to the west. The roadbed at each side of the bridge was practically level with the planks upon the bridge. The plaintiff had a lighted lamp upon her wheel. Before the party arrived at the bridge, the moon began to shine quite brightly. There were trees growing near the bridge, which threw their shadows over the east end of it. The center of the bridge was placed so far west of the center of the traveled portion of the highway that the east wagon track was but 18 inches from the east end of the bridge. There was a rail at the west end of the bridge. There had been one at the east end, but it had been gone some-

thing more than a year, and its absence was known to the highway officers. For the purpose of making some repairs in the highway, some coal cinders had recently been put upon each side of the bridge. One young man and a young woman preceded the plaintiff. When the young woman got to the cinders, she called out to the plaintiff to look out for them. The plaintiff testified that she was riding slowly, just inside the east wagon track, with her wheel under control, and, to avoid the cinders, she turned into the east wagon track, when at once she came upon the bridge (which was the first time she knew a bridge was there), and rode off the end of the bridge into the ravine below, receiving injuries from which she will never recover.

It is plaintiff's claim that the absence of a rail on the end of the bridge was the proximate cause of her injury, and that the defendant was negligent in not having a railing upon the bridge.

The counsel for defendant requested the trial judge to direct a verdict in favor of the township for the following reasons:

1. Municipalities are not liable in damages for injuries sustained by persons traveling on bicycles.

2. Under all the evidence, plaintiff was guilty of contributory negligence precluding a recovery.

3. Under all the evidence, the highway, including the bridge or culvert, at the place of the accident, was reasonably safe and fit for bicycle travel, conducted with reasonable care and caution.

The court declined to direct a verdict, and also declined to give the written requests preferred by counsel, but gave a lengthy general charge, the part of which that is material here being as follows:

"The statutes of this State make it the duty of townships to keep their bridges and highways in a condition reasonably safe and fit for public travel at night as well as in the daytime. At the time that statute was passed, bicycles were not in general use, and it has lately been held by our Supreme Court that the legislature at that

time did not contemplate to impose upon the townships the duty of keeping their bridges and highways in a condition reasonably safe and fit for bicycle travel; that the only duty imposed upon the township was that they should keep the bridges and highways in a condition reasonably safe and fit for travel by wagons, carriages, carts, pedestrians, horseback riders, and such as was the common way of traveling at that time; and that when a township keeps its bridges and highways in a condition reasonably safe and fit for travel by those means, that they have performed all the duties to travelers that the law requires, and, if a traveler is then injured on the highway, he has no remedy as against the township.

"There are a great many things in this case that are practically undisputed. It is undisputed that it was a moonlight night; it is undisputed that this bridge from east to west across the highway was 16 feet wide; it is undisputed that the bridge lengthways with the road, as the travel passed over it, was about 12 feet wide; it is undisputed that there was a railing on the west side of the bridge, and that there was no railing on the east side; and it is undisputed that this ravine was about 15 feet deep.

"Now, it is the law in cases of this kind that a person traveling over the highway, in whatever kind of a vehicle he may choose to ride in, must exercise reasonable care, caution, and prudence, and that if he fails to do so, and is injured in consequence, he has no remedy against the township, even though the highway may be defective. It must be borne in mind always that a township is not liable simply because the road may be defective or not in good condition to travel on; they are only liable when that defect is the direct cause of this injury, and the party who is injured is without negligence on his part. The rule is settled beyond all question in this State that a person cannot recover for an injury upon the highway if they themselves have done anything which contributes to that injury; in other words, if they are guilty of contributory negligence. It therefore becomes an important fact for you to determine in the outset whether this bridge on the night in question was reasonably safe and fit for travel by wagons, carriages, carts, pedestrians, horseback riders, and such as were traveling at the time the statute was passed, in 1887. They were not required to keep it reasonably safe and fit for bicycle travel. Now, if you should be of the opinion, from all the evidence, that that bridge

was reasonably safe and fit for public travel, without the railing on the east side, just as it was that night, then your duty would be to render a verdict for the defendant. There could be no liability on the part of the township if they furnished a bridge that was reasonably safe and fit for travel. If, on the other hand, you should be of the opinion that that bridge was not reasonably safe and fit for travel as I have defined it, then it becomes necessary for you to determine whether the defect, and the only defect, that is complained of, the want of railing on the east side, was the direct cause of the plaintiff's injury. In other words, was that the proximate cause which brought about her injury?

"In determining that matter, you must take into consideration all the testimony that throws any light upon the surrounding circumstances. If, for instance, the plaintiff was riding on her wheel that night, and undertook to ride through the cinders that were at the north side of the bridge, and they caused the speed of her wheel to slacken, and she lost control of her wheel, and, by reason of the loss of control of her wheel, she lost her balance and fell over the bridge, it may be that the railing would have saved her, but the want of a railing would not be the proximate cause of the injury; it would be the cinders that stopped her progress, and overbalanced her; and under these circumstances the township would not be liable, because the cinders, it is conceded on both sides, was not a defect in that highway, and were things that were properly put there to repair it. That will illustrate to you what I mean by the proximate cause of the injury.

"Now, if you should be of the opinion that the want of the railing was the proximate cause of her injury, and that the bridge was not reasonably safe and fit for public travel without that railing, then it is necessary for you to determine whether she was guilty of any contributory negligence. And by contributory negligence I mean simply this: Whether she did something there which aided and assisted in bringing about that accident. Negligence is defined in this way in the law: It is the doing of something which an ordinarily prudent, careful, and cautious person would not do under like circumstances, or the failing to do something which an ordinarily prudent, careful, and cautious person would have done under like circumstances. In determining that question, you must take into consideration the width of that bridge; the con-

dition of the atmosphere, and the extent of the moonlight, on that night; the surrounding circumstances as they appeared to this girl as she was riding along there; the shadows, if any, that were cast by the trees upon the bridge; the opportunity that she had to pass in the moonlight safely over the bridge; the fact that, instead of doing that, she passed into the shadow, where she claims she could not see, and attempted to cross it there; and all the other surrounding circumstances,—and from those determine whether or not she was guilty of contributory negligence. In other words, whether she did anything there that a careful, prudent, and cautious person would not have done, or did she omit to do anything that a careful, prudent, and cautious person would have done? If she did, she is guilty of contributory negligence, and she cannot recover in this action.

"There has been some considerable discussion here about the fact that this young lady was riding a bicycle on that night. While the statute does not require the township to keep its highways in a condition reasonably safe and fit for bicycle travel, there is nothing that forbids a person riding a bicycle on the public highway, and a person is not outlawed because they are riding a bicycle upon the public ways. It is a means of travel which a person has a right to use, and when they are using it they have no greater rights than if they were using a buggy, carriage, or wagon, or on foot or on horseback. You have a right to take into consideration, in determining whether the accident was caused wholly by the want of the railing or by some other cause,—you have a right, I say, to take into consideration whether this girl was in the exercise of reasonable care and caution in the use of the bicycle on which she attempted to ride across that bridge. Now, it may be, and I think sometimes undoubtedly it would be, true, that a bridge might be safe for foot passengers or for bicycles, and not be safe for a team to go across; and if you find that this bridge, at the time she attempted to cross it, was reasonably safe and fit for travel by bicyclists who were in the exercise of reasonable care and caution, then it would be your duty to render a verdict for the defendant. * * *

"The burden of proof is on the plaintiff throughout the case. She must satisfy you, in the first place, that that bridge was not reasonably safe and fit for public travel on the night in question, in the manner I have defined it.

She must satisfy you that the defect or want of railing on the east side of that bridge was the proximate cause of her injury.   She must satisfy you, by a fair preponderance of evidence, that she was without negligence that in any way contributed to that injury.   She must satisfy you that these injuries actually exist, and that they are of as great extent as she claims them; and, before you would be justified in finding that any of the injuries were of a permanent nature, she must satisfy you that they are of permanent character.   The burden, in other words, is on her throughout the entire case.   Unless she satisfies you of these things by a fair preponderance of evidence, it would be your duty to find a verdict for defendant."

The counsel discuss at length, and with much ability, the questions which are covered, in a general way, by the reasons which they gave the judge when they requested a verdict should be directed in favor of defendant.   We do not deem it necessary to discuss in detail the various propositions urged by counsel.   We do not think it can be said, as a matter of law, that it either was or was not the duty of the township to maintain a rail upon the east side of this bridge, if it would avoid liability for such an accident as occurred to the plaintiff.   Under the proofs which appear in the record, we think the question became one for the jury, under the following authorities:   *Malloy* v. *Township of Walker*, 77 Mich. 448 (43 N. W. 1012, 6 L. R. A. 695); *Gage* v. *Railroad Co.*, 105 Mich. 335 (63 N. W. 318); *Shaw* v. *Township of Saline*, 113 Mich. 342 (71 N. W. 642); *Perkins* v. *Township of Delaware*, 113 Mich. 377 (71 N. W. 643); *Bratfisch* v. *Township of Mason*, 120 Mich. 323 (79 N. W. 576).

It is claimed that plaintiff was guilty of contributory negligence because she turned to the left, into the shadowy portion of the bridge, instead of turning to the right, where she would have been entirely safe; counsel citing, in support of this proposition, *Bratfisch* v. *Township of Mason, supra; Beall* v. *Township of Athens*, 81 Mich. 536 (45 N. W. 1014); *Church* v. *Village of Howard City*, 111 Mich. 298 (69 N. W. 651, 66 Am. St. Rep. 396); and other cases.   We do not think these cases are control-

ling in this case. In each of them the plaintiff knew of the danger before incurring the risk. In the case at bar the plaintiff did not know of the absence of the railing. She did not know that the bridge was so placed with reference to the wrought portion of the road as to bring the east wheel track near the end of the bridge. We think it cannot be said, as a matter of law, that when, to avoid the unpacked cinders, the plaintiff, intending to turn into the east wheel track, turned a little too far, she was guilty of contributory negligence, but think this, too, was a question for the jury, under proper instructions.

Error is assigned upon the argument of counsel. The argument was near the border line. The record does not disclose that the attention of the judge was challenged to this argument in such a way as to call for any action upon his part. It is stated in the brief of counsel that the attention of the court was not called to the argument, but the reporter noted an exception without the court knowing it, and that error cannot now be assigned. If the statement in the brief is true, the conclusion is also true. *Bedford* v. *Penney*, 65 Mich. 667 (32 N. W. 888). But, conceding the record is in a condition to raise the question, we are not prepared to say the case should be reversed because of the argument.

We do not deem it necessary to discuss any other of the questions raised.

Judgment is affirmed.

MONTGOMERY, C. J., HOOKER and LONG, JJ., concurred. GRANT, J., did not sit.