### BURRELL *v.* CITY OF GREENVILLE.

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.
    Where a pedestrian steps near a hole in a sidewalk, and, solely on account of its wet condition, her foot slips into the hole and she is injured, there is no contributory negligence.

2. SAME—PROXIMATE CAUSE.
    In such case the pedestrian's slipping cannot be said to be the proximate cause of her injury, so as to relieve the municipality from liability.

Error to Montcalm; Davis, J.   Submitted April 10, 1903.   (Docket No. 32.)   Decided May 12, 1903.

Case by Elizabeth A. Burrell against the city of Greenville for personal injuries.   From a judgment for plaintiff, defendant brings error.   Affirmed.

Plaintiff stepped into a hole upon the sidewalk of defendant city, and was injured.   The negligence of the defend-

ant is conceded.   The sidewalk was old, rotten, and had several holes in it.   Plaintiff had not lived in the city for eight months prior to the accident.   She walked over the sidewalk to visit a neighbor.   She had never gone over the sidewalk in question prior to that day.   On the return from her visit, a drizzling rain having fallen and wet the planks, she stepped near one of the holes, into which her foot slipped.   Plaintiff noticed the defects in the walk when she first went over it.   The accident happened in daylight.   She testified upon cross-examination that, if she had looked towards the hole, she thought she would have seen it, and that she did not think about the hole on her return.   Defendant requested the court to direct a verdict for two reasons:   (1) Because the undisputed evidence shows that the hole in the sidewalk complained of was not the proximate cause of the injury; (2) that the undisputed evidence shows that the plaintiff was guilty of contributory negligence.   She recovered a verdict and judgment.

*Edward J. Bowman* ( *M. A. Nichols*, of counsel), for appellant.

*Charles L. Rarden* ( *N. O. Griswold* and *C. B. Rarden*, of counsel), for appellee.

GRANT, J. ( *after stating the facts* ).   1. Counsel for defendant concede that, if the walk had not been slippery, plaintiff would have passed the hole without accident. This concession disposes of the contributory negligence of the plaintiff.   The walk was constructed for her use.   It was not negligence for her to walk upon it.   The plank where she stepped was strong enough to support her.   It was not negligence, therefore, for her to step there.

2. The slipping of plaintiff cannot be held to have been the proximate cause of the accident.   Old and worn sidewalks become slippery when wet.   Some sidewalks must necessarily incline more or less.   Under such circumstances pedestrians, especially those who are old and feeble, are

apt to slip.   The statutory provision that sidewalks must be kept in a reasonably safe condition for travel, and which gives damages for a violation of the provision, does not cover alone cases where the traveler has stepped directly into the hole or defect, but where, in the exercise of ordinary diligence, he has stepped near it, and, without fault on his part, has slipped into it.   The case is directly within the principle of the following authorities:   *Alexander* v. *City of Big Rapids*, 76 Mich. 282 (42 N. W. 1071); *Germaine* v. *City of Muskegon*, 105 Mich. 213 (63 N. W. 78); *Shaw* v. *Township of Saline*, 113 Mich. 342 (71 N. W. 642).

Counsel for the defendant insist that the case is within *Beall* v. *Township of Athens*, 81 Mich. 536 (45 N. W. 1014).   The roadbed in that case was good; the only negligence charged was its narrowness, and the neglect to place railings or barriers.   The horse took fright at a log at the side of the road, and the driver struck him with the whip.   These acts were held to be the proximate cause of the injury.   In consequence of the fright of the horse, for which the defendant was in no sense liable, and the striking of the horse with the whip, the horse ran outside of the usually traveled portion of the highway.   That case has no application to that where a traveler slips into a hole in the highway or sidewalk, while stepping where the law gives him the right to step.

Judgment affirmed.

The other Justices concurred.