MACDONALD v. FREEMAN MANUFACTURING CO.

1. MASTER AND SERVANT — NEGLIGENCE—QUESTIONS OF LAW AND FACT—SET SCREWS.

Evidence that plaintiff caught his clothing in a projecting bolt of an elevator because a pile of wooden blocks on which he was working gave way, gives rise to a question of fact, if disputed.[1]

2. SAME—SAFE PLACE—ASSUMPTION OF RISK.

While plaintiff's knowledge that blocks accumulated at the base of the elevator shaft where he was obliged to work, charges him with the assumption of risk of that negligence, the question of the safety of the place, in view of the projecting bolts and their dangerous character, and of the plaintiff's actual or constructive knowledge, was for the jury.

3. SAME—WARNING—KNOWLEDGE OF SERVANT.

The employer's duty to warn his servant of the projecting bolts, being dependent on the plaintiff's knowledge of the danger, was a question for the jury.

4. SAME—STATUTORY DUTY—SAFE PLACE.

Although failure to protect projecting bolts may not have been a breach of the defendant's statutory duty, it was negligence if, by reason of the limited space and accumulated blocks, the place was rendered unreasonably dangerous for the employé to work.

5. SAME—TRIAL—REQUESTS TO CHARGE—INSTRUCTING JURY.

In the absence of formal requests to charge the jury on the question of the assumption of risk, a charge which is correct as far as it goes, is sufficient on appeal.

6. SAME—PROXIMATE CAUSE.

It is not a proper application of the rule of proximate cause, to say that the slipping of the blocks, which brought plaintiff in contact with projecting bolts, constituted the only proximate cause of the injury.

---

[1] As to right of servant to recover for injuries caused by projecting screws in shafts and other moving machinery, see note to *Ford* v. *Mt. Tom Sulphite Pulp Co.* (Mass.), 48 L. R. A. 96.

7. SAME—CONTRIBUTORY NEGLIGENCE.

The contributory negligence of a servant, who was caught by projecting bolts of defendant's machinery while reaching through an opening into an elevator shaft to remove accumulated blocks, was, under the testimony, a question of fact.

Error to Kalkaska; Chittenden, J. Submitted January 14, 1910. (Docket No. 75.) Decided March 19, 1910.

Case by Norman MacDonald, by next friend, against the Freeman Manufacturing Company for personal injuries. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*Smurthwaite & Alway*, for appellant.

*Ernest C. Smith*, for appellee.

HOOKER, J. The plaintiff recovered a judgment for injuries in defendant's factory, where he was employed, operating a machine called the "drum saws," which cut material into blocks the proper length for clothespins. He had worked in this factory for two years, and had operated the drum saws for about two weeks at the time of the accident. These blocks dropped into a chute as they left the drum saws, and from the chute they fell into an elevator, which extended from the basement floor to the upper floor of the factory. The drum saws were upon the floor next above the basement. Blocks would occasionally fall from the elevator cups and accumulate on the basement floor, inside the elevator shaft, and often clogged the elevator and stopped it. When this happened, and this was often, it was the duty of plaintiff and another workman to go below and take the accumulated blocks out of the shaft, and start the elevator. The blocks were thrown on the floor outside the shaft, and at intervals they were put into the elevator and taken above. This happened usually, if not always, when directions to that

effect were given, and at times when these men were not engaged in running the machines. Plaintiff had done this twice.

South of the elevator shaft, and at a distance of 3 feet 8½ inches therefrom was a line shaft, extending through the mill, about 2½ feet above the level of the basement floor. This shaft was of two or more pieces, and there was a safety coupling said to be the safest coupling made. The coupling was in two pieces which clamped the shaft. No set screw was used, and the halves of the coupling were held in place by bolts the heads and nuts being between two ridges on the couplings. These bolts did not project from the shaft at right angles as set screws do. There was one bolt, possibly more, that was so long that it projected beyond the nuts and ridges. Owing to the accumulation of blocks outside of the elevator, the men lay down upon them, and, reaching through the door in the shaft, removed the blocks. In some way the leg of plaintiff's overalls was caught by this bolt, and he was seriously injured. No one was able to testify how it happened, except the plaintiff, who said that some of the blocks gave way under his feet, causing him to slip against the coupling. Evidence was given to the effect that he had stated to one or more persons that he did not know how it happened. Manifestly this was a question for the jury. The defendant offered no testimony, and requested the court to direct a verdict in its behalf, and has appealed.

The negligence relied on, and upon which it was submitted to the jury, was:

(1) Failure to provide a reasonably safe place in which to work.

(2) Failure to warn plaintiff of the danger of the exposed bolt.

(3) Failure to keep the bolt covered.

The defendant contends:

(a) That the place was reasonably safe.

(b) That there was no occasion to warn the plaintiff of the bolt which was plainly visible, and with which he

must have been familiar, and for the further reason that it was remote from the place where he was at work, and was not the proximate cause of the injury.

(c) That there was no order of the factory inspector to cover the set screw.

(d) Contributory negligence.

(e) Assumption of risk.

1. **Safe Place.** We are of the opinion that the accumulation of blocks did not alone make defendant chargeable for not furnishing a safe place to work. The plaintiff knew of this accumulation and assumed the risk of working upon them. Taken in conjunction with the proximity of the shaft with the projecting bolts, a question of the reasonable safety of the place was one for the jury; the assumption of risk being dependent upon plaintiff's knowledge or omission to reasonably observe what was in plain sight, if it was so. The distance from the shaft was not so great as to be eliminated from consideration in determining the safety of the place.

2. **Warning.** We also think that the question of negligence in not warning plaintiff of the presence of the bolts was for the jury. They might have found that he knew of it, or should have seen it, if he had used reasonable care in observing his surroundings. If either of these were true, there was no negligence in not warning plaintiff of what he already knew or should have discovered.

3. **Covering the Bolts.** We infer from the record that the failure to cover the bolts was not a breach of statutory duty, and therefore as an abstract proposition not actionable negligence, but, taken in connection with the limited space, the accumulated blocks (which was necessarily a common condition), it may have been negligence to leave them exposed as we intimated in our discussion of "safe place." There are other questions which bear on these alleged grounds of negligence, such as plaintiff's familiarity with the place, his knowledge of or duty to have known of the bolt, and his own negligence, all of which were for the jury; and we think the learned circuit judge did not

err in declining to direct a verdict for defendant. We have examined the authorities cited, and think them readily distinguishable from the case before us.

While we have held that the use of an uncovered set screw upon an elevated shaft was not negligence under usual conditions, and that an employé must expect the use of set screws to fasten pulleys, etc., upon shafts, we have not held that a dangerous and unnecessary projection of a bolt at a place, where, from the nature of the work to be done, there was an unusual danger, was not to be considered in determining the danger of the place, and the duty of warning an inexperienced man. Although it has been commonly held that the use of set screws and possibly projecting bolts upon shafts was not *per se* negligent, it does not follow that it would not be negligent to use them without protection, where from the proximity to the floor and in places where workmen would be subjected to unusual danger. Such a case is found in *Homestake Mining Co.* v. *Fullerton,* 69 Fed. 923, 16 C. C. A. 545:

" In view of the undisputed fact that the kind of coupling appliance, which was attached to the line shaft when the accident occurred was then in very general use, the doctrine invoked and the authorities cited by the defendant in support of its last-mentioned contention, would doubtless relieve it from liability for using that kind of coupling appliance, although a safer and better coupling appliance might have been used to connect the line shaft. But the doctrine in question cannot be successfully invoked for the purpose of relieving an employer of the duty of placing a suitable guard around a piece of machinery or an appliance which is of that nature, or so located, that it is a constant menace to the safety of those, who, in the discharge of their duties, are frequently compelled to pass in close proximity to it. In such a case the obligation of the master to place a suitable guard around a dangerous piece of machinery is no less imperative than his duty to remedy a defect in the machine itself."

Counsel complain of the charge:

(*a*) That it allowed the jury to find negligence in the accumulation of blocks.

(*b*) That proper instruction was not given upon the subject of assumed risk.

(*c*) That the record shows that the bolt was not the proximate cause of the injury.

(*a*) We are of the opinion that the charge did not leave the case to the jury on the question of negligence in allowing blocks to accumulate, but only on negligence in leaving an exposed set screw, and fairly to warn plaintiff. We think it sufficiently limited the jury upon the subject of the character of the negligence.

(*b*) The attention of the learned circuit judge was called at the conclusion of his charge to his omission of the subject of assumed risk, and he was requested to instruct the jury upon that subject. No formal request was made, and we think defendant cannot complain that it did not sufficiently cover the subject to meet its desires or expectations, so long as it was correct so far as it went.

(*c*) It was not error to submit the case to the jury notwithstanding the claim that the bolt was not the proximate cause of the accident. It would be a technical application of the rule in this case to say that inasmuch as the slipping upon the blocks caused plaintiff to come in contact with the bolt which caused the overalls to be caught, which resulted in his being drawn over the shaft and the consequent breaking of his members, the slipping of the blocks was the only proximate cause. The rule of proximate cause has a place in actions for negligence. It is perhaps true that there is some want of harmony in the cases, as to the rule itself, but more particularly as to its application. We are of the opinion that this case is well within the rule. See *Detzur* v. *Brewing Co.*, 119 Mich. 282 (77 N. W. 948, 44 L. R. A. 500); *Shaw* v. *Township of Saline*, 113 Mich. 342 (71 N. W. 642); *White* v. *Township of Riley*, 113 Mich. 302 (71 N. W. 502); *Burrell* v. *City of Greenville*, 133 Mich. 235 (94 N. W.

160 Mich.—25.

732); *Swick* v. *Cement Co.*, 147 Mich. 462 (111 N. W. 110).

The question of contributory negligence was for the jury.

The judgment is affirmed.·

MOORE, MCALVAY, BROOKE, and BLAIR, JJ., concurred.