JOHN H. LOWELL v. TOWNSHIP OF WATERTOWN.

*Highway—Defects—Personal Injuries.*

A man walking along a country road upon a dark night stepped into a hole, for which he was, however, on the look-out. *Held,* that his knowledge of the defect did not necessarily establish his negligence, but was only a fact for the jury to consider in deciding whether he was negligent or not.

Error to Clinton. (V. H. Smith, J.) Nov. 17.—Nov. 19.

CASE. Defendant brings error. Affirmed.

*Cook & Daboll* for appellant.

*H. J. Patterson* and *Spaulding & Barker* for appellee.

CHAMPLIN, J. This action was brought to recover damages which plaintiff suffered by reason of a defect in a public highway which it was the duty of defendant to keep in repair.

It is conceded that the highway was defective, and that the defendant was negligent in not having repaired the same, and that plaintiff was injured by reason of such defect,

and the only question raised in the record is whether the testimony of plaintiff himself did not show that he was guilty of such contributory negligence as should preclude him from recovering.

This testimony showed that the accident happened on a dark and misty night, while he was walking along the highway on his return from a neighbor's. He was traveling north in the carriage track. On the west side of the highway was a sidewalk. He was very familiar with the locality, and had for a long time known of the defect, which consisted of a hole about a foot square, made for the purpose of allowing water from the highway to pass into an underground drain constructed beneath the ditch of the west side of the highway. Plaintiff testified that he was thinking of this hole from the time he crossed the bridge over Looking-Glass river until he stepped into it; that he was attempting to pass from the traveled part of the highway to the sidewalk for the purpose of looking at a cow he had in the old cooper's shop, and the first he knew he was thrown forward and so severely injured as to render him insensible for a time ; and on recovering he found he was unable to stand or walk. He made outcry, and was found by one of his neighbors.

The defendant's counsel claim that his knowledge of the defect, and his having it in his mind at the time, was conclusive evidence of his want of ordinary care in stepping into the very hole he had it in mind to avoid; and that for this reason the case should have been taken from the jury.

We cannot accede to this view. A person is not necessarily precluded from recovering for an injury caused by a defect in a highway, simply for the reason that he was aware of such defect; but this fact, with all others, is proper to be taken into consideration by the jury in determining whether, under all of the facts and circumstances, he was guilty of such carelessness or negligence without which he would not have been injured.

The judgment must be affirmed.

The other Justices concurred.