MARGARET ARGUS v. THE VILLAGE OF STURGIS.

*Municipal corporations—Defective sidewalk—Contributory negligence.*

1. This Court has frequently held that knowledge of the existence of a defect is not conclusive evidence of the plaintiff's negligence.

2. It is not necessary, in a suit to recover damages for injuries received by reason of defects in a sidewalk, for the plaintiff to show that the municipality whose duty it was to keep the walk in repair either constructed it or ordered its construction.[1]

Error to St. Joseph. (Loveridge, J.) Argued May 15, 1891. Decided June 5, 1891.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*R. R. Pealer* and *Charles A. Sturges,* for appellant, contended:

1. If it appears that the plaintiff's own negligence contributed to her injury, she cannot recover; citing *Drew v. The Chesapeake,* 2 Doug. 33; *Railroad Co. v. Van Steinburg,* 17 Mich. 99; *Railroad Co. v. Miller,* 25 Id. 274; *Daniels v. Clegg,* 28 Id. 32; and, the facts touching her negligence being undisputed, it became a question of law for the court; citing *Mynning v. Railroad Co.,* 67 Mich. 677; *Haas v. Railroad Co.,* 47 Id. 401.

*T. C. Carpenter* (*T. R. Sherwood,* of counsel), for plaintiff, contended:

1. Defendant was organized by special act of the Legislature in 1855, and reorganized under the general law of 1875 for the incorporation of villages, of which acts the Court will take notice, and under which the village council had power to establish sidewalks in public streets, and to control the same, and to require them to be constructed, and the ordinances of

---

[1] See *Lombar v. East Tawas,* 86 Mich. 15 (head-note 5), and cases cited in foot-note.

the village in force at the time of such reincorporation were adopted by the 1875 act. It therefore appears that the law applied to all walks then in the village, if erected in streets, no matter when or by whom built, and that from the time the act of 1875 took effect such walks should have been kept in repair by defendant.

2. The question of the negligence of the parties was for the jury. The time and place of the injury, and its extent, and the defect in the walk, were all proved, and that it had existed for at least 14 months; citing *Lowell v. Watertown*, 58 Mich. 568; *Dundas v. Lansing*, 75 Id. 499; *Tice v. Bay City*, 78 Id. 209.[1]

McGRATH, J. The plaintiff brought this suit to recover damages for injuries received by a fall upon a defective sidewalk in said village, and recovered judgment, from which defendant appeals.

The accident occurred in November, 1888, between 8 and 9 o'clock in the evening. The plaintiff was on her way to see her daughter. She testified that she knew of the defect in the walk, and had passed and avoided it frequently. She testified as follows:

"I am generally in the habit of walking very quickly, but this evening, I don't know, I was walking quite slowly, and thinking I must hurry home as quick as I could get through, and all of a sudden I thought I must be careful of this sidewalk,—I must be near the broken sidewalk,—and the thought wasn't any sooner in my head than my foot slipped into the hole. I had my shawl over my head, and my hands were wound in this way. My hat was up stairs, and I had my shawl in this way, and my arms were rolled up in it tight around me. It was chilly, and that was one reason why my arms were foul, as to helping myself in this position. When my foot went down I gave myself a sudden jerk, and fell over. * * * I was thinking I must be near the broken sidewalk at the time, and all of a sudden my foot went out. I was very careful. * * * I was always careful about going over there. I generally walked on one side, and I didn't think I was so close to it as I was at the time."

---

[1] See *Roux v. Lumber Co.*, 85 Mich. 519, and foot-note.

She further stated that the night was cloudy, and the moon obscured.

Defendant's counsel requested the court to instruct the jury as follows:

"The plaintiff's own negligence forbids her recovery. She knew of the defect, if it existed, had passed it many times, and generally passed it by walking by on the east half of the walk, and could have done so the evening she claims to have been injured, but, instead of doing so, walked on the inside quite near the fence, with a shawl over her head, with her arms folded in it, so that she was unable to use them in any way for her protection.

"It has not been established by sufficient evidence that the sidewalk in question was put down by the village authorities or authorized by them, or that they were in any way responsible for the condition of the walk, and therefore plaintiff cannot recover."

These instructions were properly refused. The question of contributory negligence of plaintiff was fairly and properly submitted to the jury. This Court has frequently held that the knowledge of the existence of a defect is not conclusive evidence of plaintiff's negligence. It is not necessary to show, in this class of cases, that the municipality either constructed or ordered the construction of the walk in question. The statute fixes defendant's responsibility, and makes it its duty to see that its walks are in a condition reasonably safe for travel.

The judgment will be affirmed, with costs.

The other Justices concurred.