JANE E. FINN v. THE CITY OF ADRIAN.

*Municipal corporations—Defective cross-walk—Contributory negligence—Evidence—Argument of counsel.*

1. In the absence of some notice to the contrary, travelers have a right to assume that a cross-walk is in a safe condition.
2. The fact that the plaintiff in a negligence case knew, eight days before the accident, that the cross-walk on which she was injured was partially torn up, and that the street was being paved, is not sufficient to charge her with contributory negligence in attempting to cross on the walk, as she had the right to assume, in the absence of any danger signal, that the walk had been placed in good condition.
3. Under an allegation in a declaration in a negligence case that the plaintiff was greatly and permanently injured in her spine, stomach, and internally, it is competent to show a subsequent urinary difficulty as one of the evidences of spinal injury.
4. Counsel have no right to refer in their argument to the result of any other suit, and especially is this so when the suit referred to is in no manner similar to the one on trial.

Error to Lenawee. (Lane, J.) Argued November 4, 1892. Decided November 18, 1892.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Walter S. Westerman,* for appellant.

*Watts, Bean & Smith,* for plaintiff. ·

GRANT, J. Plaintiff recovered damages for injuries received in falling through a defective cross-walk of the defendant city.

The duty alleged in the declaration is—

" To use reasonable care that said street and said cross-walk were kept and maintained in a suitable condition for travel by the public; and, in case of paving or repairing said street, * * * to take all proper precautions to warn the public thereof by barriers and lights."

The violation of this duty is alleged to consist in the removal of a portion of the plank in the cross-walk, leaving two holes about four feet in length and nine inches in width, without closing the street or cross-walk to the use of the public, and without placing any guard, watchman, barriers, or light at or near said cross-walk to warn persons who might have occasion to use the same.

The accident occurred on the evening of July 6, 1891. Plaintiff and her husband walked from their home down town to do some shopping. The cross-walk in question was on McVicker street where it crosses East Maumee street. Plaintiff lived on Addison street,—the next street east of McVicker street,—and north of East Maumee street. In going down town she and her husband passed on the north side of East Maumee street, where the cross-walk was in good condition. They went down and returned in the evening, and in going passed very near the defective cross-walk. As they approached McVicker street on their return, plaintiff reminded her husband that they had forgotten to get some meat. They then turned south upon the east cross-walk to go to a meat-market. Her husband crossed over in safety, but she fell in one of these holes, and was very seriously injured. The hole was about 18

inches deep.   The improvement which the city was making consisted of excavating, filling, and paving East Maumee street.   The cross-walk was in good condition from the south side of the north sidewalk of Maumee street, where the plaintiff turned to cross, for about eight feet; then came these two holes, which were caused by the removal of some planks from the walk.   Plaintiff's evidence tended strongly to show that there was no necessity for removing these planks, which was done about eight days before the accident.

The three following questions were given to the jury:

"1. Did the plaintiff cross Maumee street from the south side to the north side on the east side of McVicker street?

"2. Was the plaintiff free from negligence on her part?

"3. Did the plaintiff know these inprovements were going on?"

To the first of these questions the jury answered "No;" to the other two "Yes."

It is conceded that no light was placed upon the crossing, and no other means were employed to warn passengers of danger.

The negligence of the defendant is not disputed, but it is insisted that the plaintiff cannot recover on account of her own contributory negligence.   The fact that she knew that the street was being paved in close proximity to the cross-walk is not sufficient to charge her with knowledge that the cross-walk was dangerous, and that she must therefore cross in a dark night at her own risk.   In the absence of some notice, travelers have a right to assume that a cross-walk is in safe condition.   Her testimony was that some days before the accident, and evidently at the time the planks were removed, she was passing along the street, and saw workmen standing there, but she could not say whether they were taking up the cross-walk or putting it down, but she noticed it was up.   After that she gave no thought to the matter.   The fact that she knew that the street

was being repaved, and that the cross-walk was partially torn up eight days before, is not sufficient to charge her with contributory negligence in attempting to cross when she did. On the contrary, she had the right to assume that the walk had meanwhile been placed in good condition, in the absence of any signal to warn her of danger. Under the circumstances of this case, the question of contributory negligence was properly submitted to the jury. *Argus v. Village of Sturgis,* 86 Mich. 344; *Brezee v. Powers,* 80 Id. 172; *Dundas v. City of Lansing,* 75 Id. 499.

The injury alleged in the declaration was that—

"Her limbs, arms, shoulders, chest, side, and back were greatly bruised and wounded, and she was greatly and permanently injured in her spine, stomach, and internally."

Plaintiff was allowed to show a urinary difficulty as the result of her injuries. Exception is taken to this evidence, for the reason that it is not alleged in the declaration.[1] Plaintiff's counsel disclaimed any right to recover for this as an independent element of damage, but claimed that it was evidence of injury to the spine. The court instructed the jury that they must not allow any damages for that trouble, except as it might be a direct result of the injury to the spine; and that it was permitted to be introduced as one of the evidences of spinal injury, and for that purpose alone. We think the evidence was competent.

One Dr. Todd, who was one of plaintiff's attending physicians, was asked the following question:

"Supposing, doctor, that she had received an injury by stepping into an open hole, the surface of the ground below the plank being 18 to 20 inches; that she stepped down so unexpectedly that her head, when she fell down, came very suddenly forward on her chest; that then she fell sideways over the plank that was on her right side, and gave a scream; that she was assisted out, and did not

---

[1] Counsel cited in support of his objection, *Shadock v. Plank-Road Co.,* 79 Mich. 7; *Schindler v. Railway Co.,* 77 Id. 154.

realize anything from the time of her falling over on her side until she found herself out on the walk, and then those symptoms of her injury which I have enumerated followed; that before she got home—a short distance—she was sick at her stomach,—now, what is your judgment as to her ultimate recovery?"

It is insisted that this question was incompetent, in that it was not based upon the evidence in the case. Counsel for the defendant has not pointed out wherein it is not based on the evidence. His brief contains no reference to the evidence, nor has he furnished an index to the record, as the rule requires.[1] We are therefore left to examine a record of 200 pages to determine whether the objection is well taken. We are, however, satisfied, from a careful examination, that the question was competent.

Plaintiff's counsel, in his closing argument to the jury, used this language:

"If Dr. Maclean was entitled to receive $20,000 for injury to his reputation from the Evening News, what ought this woman to receive here?"

This language was intemperate, and its use cannot be defended. Counsel had no legal right to refer in his argument to the result of any other suit, and especially where the suit referred to is in no manner similar to the one on trial. Were the amount of the verdict such as to leave a fair inference that the jury were influenced by this unjustifiable statement of counsel, we should feel compelled to set the judgment aside, and order a new trial; but we think, under the circumstances, it was error without prejudice.[2]

Judgment affirmed.

The other Justices concurred.

---

[1] Supreme Court Rule No. 61, as amended July 2, 1890 (74 Mich.).
[2] The judgment was for $3,500.