BLACK *v.* CITY OF MANISTEE.

DEFECTIVE SIDEWALK — ACCUMULATION OF ICE — CONTRIBUTORY NEGLIGENCE.

One who voluntarily attempts to pass over an icy sidewalk, knowing it to be dangerous, is guilty of contributory negligence, precluding a recovery for injuries received from falling thereon.

Error to Manistee; McMahon, J. Submitted October 11, 1895. Decided November 5, 1895.

Case by Eva Black against the city of Manistee for personal injuries. From a judgment for defendant upon verdict directed by the court, plaintiff brings error. Affirmed.

*Smurthwaite & Fowler,* for appellant.

*Peter T. Glassmire,* for appellee.

HOOKER, J.   Plaintiff appeals from a judgment upon a verdict directed by the circuit judge.  Her action was for damages received by slipping down upon ice which had accumulated upon a sidewalk.   The negligence complained of related to the construction of the walk, whereby it is claimed that the accumulation of ice and snow was increased and made more dangerous than it would naturally have been upon a better located and constructed walk.

The fall occurred in the daytime, when the plaintiff was walking upon the sidewalk.   She admits that she saw the ice before stepping upon the place where she fell; that she knew it was dangerous, but proceeded without taking hold of the hand rail, because she had a book and parcel in her hand, and was afraid that she would slip under the hand rail to the ground, a distance of three or four feet below.   It was not a case where to proceed was the only alternative.   From her own statement she knew the walk was dangerous, yet chose to risk it.   She testified that she thought there was as much danger in retracing her steps as in going on; but, if that is so, she should have retraced her steps earlier.   Where a person actually sees the danger before the accident, there is as great reason for him to avoid it as there is for the municipality to provide against it beforehand. She could as well judge of the safety of this icy walk from its appearance at the time as the authorities could anticipate the danger when the walk was constructed. The allegation of her declaration that she was without fault is not supported by the evidence, and we think the judgment of the circuit court should be affirmed.

The other Justices concurred.