CHURCH *v.* PRESIDENT AND TRUSTEES OF VILLAGE OF HOWARD CITY.

MUNICIPAL CORPORATIONS — PERSONAL INJURIES — CONTRIBUTORY NEGLIGENCE.

A pedestrian, perfectly familiar with the existing conditions, is, as a matter of law, guilty of contributory negligence, precluding a recovery for injuries sustained by falling from the side of a walk unguarded by a rail into an excavation, during the night-time, where, instead of guiding himself by the rail on the other side, he directed his course by a light, which proved not to be the one he supposed it to be.

Error to Montcalm; Davis, J. Submitted November 12, 1896. Decided December 24, 1896.

Case by Frank B. Church against the president and trustees of the village of Howard City for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

The defendant constructed a plank sidewalk along the north side of Edgerton street, one of the principal streets of the village, in front of a block where the buildings had been destroyed by fire. It is 105 feet long, 10 feet wide, and from 22 to 53 inches high. A railing was erected on the side adjoining the vacant lots, but none on the side adjoining the carriage way. It was constructed six months prior to the accident to the plaintiff. He owned a meat market, situated on the same side of the street, and one block west of it, while his residence was several blocks to the east of the sidewalk. He had passed over it several times every day in going to and from his residence to his business. Plaintiff left his shop for his home about 10 o'clock on the night of April 6, 1894. The night was very dark. When returning home on dark nights he had

been accustomed to guide his course over the sidewalk by a light which was usually burning in the house of one Denton, some distance up the street. On the night in question, as he reached the sidewalk, he directed his course by what he supposed to be the light in Denton's house. The light was not in that house, but in another house farther to the south. Relying upon this light as the Denton light, and taking no other precautions, he walked towards it, and in so doing stepped off the sidewalk, fell, and was injured. The negligence charged is the failure to construct a railing along the south side of the sidewalk. The declaration then alleges that the darkness was so intense that neither the sidewalk nor adjoining objects could be seen, and that plaintiff, being without any light, walked along, "confidently relying upon guiding himself and keeping himself upon the walk, as he had been wont to do, by accustomed lights in the houses on the other side of said street, to the east of the angle in said street." His statement of the accident is as follows: "I followed the light on the walk, thought I was all right, felt as though I was all right, went on there perhaps 30 feet, when all at once I stepped off, following this light, and went over on my head and shoulders."

*Fitz Gerald & Barry* (*Otto J. Wolfe* and *Francis A. Stace*, of counsel), for appellant.

*Ellsworth & Rarden* and *C. W. Perry*, for appellee.

GRANT, J. (*after stating the facts*). The court should, as requested, have directed a verdict for the defendant. Plaintiff was not in the exercise of ordinary care. He was perfectly familiar with the situation, and knew the danger. He chose to direct his course by a light which was not the one he supposed it to be. It is doubtful whether, at the point where he selected this light as his guide, he could have seen the light in Denton's house if it had been there, on account of an angle in the

street.   His counsel in their brief say:  "It is absolutely certain that, had there been a railing there, he would not have fallen off."   It is equally certain that, if he had guided himself by the railing upon the north side, he would have passed over in safety.   It may be said that three things contributed to the accident,—the darkness of the night, the mistake of the plaintiff in taking one light for another, and the absence of a rail on the south side.   His own mistake caused the accident, and for this the defendant cannot be held liable, however negligent it may have been in leaving one side of the walk unguarded.   Had there been no light, it would clearly have been his duty to guide himself by the rail on the north side.   He cannot avoid this duty by showing that he followed a false light, instead of the one he was accustomed to follow. The village was in no wise responsible for his own mistake, without which he would not have been injured.   Further discussion is unnecessary.   The case is ruled by *Black* v. *City of Manistee*, 107 Mich. 60.   In that case plaintiff neglected to guide herself by the hand-rail when passing over an icy sidewalk.   See, also, *Smith* v. *City of Jackson*, 106 Mich. 136; *Kuhn* v. *Walker Tp.*, 97 Mich. 306; Beach, Contrib. Neg. § 248.

Judgment reversed, and no new trial ordered.

The other Justices concurred.