GRANDORF *v.* DETROIT CITIZENS' STREET RAILWAY CO.

PERSONAL INJURIES—OBSTRUCTED SIDEWALK—ASSUMPTION OF RISK.
    One who, in the daytime, attempts to pass over paving stones
      which she sees scattered across the sidewalk, assumes the risk
      of injury.

Error to Wayne; Donovan, J. Submitted June 11,
1897. Decided June 28, 1897.

Case by Dorotoe Grandorf against the Detroit Citizens'
Street Railway Company for personal injuries. From a
judgment for defendant on verdict directed by the court,
plaintiff brings error. Affirmed.

*William Stacey*, for appellant.

*Brennan, Donnelly & Van De Mark*, for appellee.

MONTGOMERY, J. This is an action for personal in-
juries. According to the claims of plaintiff, the defendant

was engaged in paving between its tracks in the fall of
1895, and for this purpose used stone from 8 to 14 inches
long, 4 inches thick, and from 7 to 7½ inches deep.  The
stone for this purpose were piled along the street, and left
there for some little time.  Some were piled up loosely
inside the curb, and projected over the sidewalk about a
foot and a half.  It was claimed that the sidewalk was
shaky; that, when people walked along it, their weight
would loosen some of the stone piled on the walk, and they
would fall down on the walk; that the stone were left
scattered over the walk in different places; that people
along the line of the street were accustomed, notwithstand-
ing the presence of the stone, to habitually pass along the
walk; that, at the place of the accident, the sidewalk was
only a 4 or 4½ foot walk, and that a foot and a half of that
was taken up by the pile of stone; that, on the day in ques-
tion, plaintiff, in company with two other ladies, had occa-
sion to pass along the north side of Gratiot avenue, be-
tween Chene street and Grandy avenue; that the plaintiff,
carrying a child in arms, and one of the other ladies, were
walking abreast, and, when about the middle of the block,
they encountered six or seven loose stones upon the side-
walk; that these stones were lying separate from each
other, and extended across the entire walk; that the plain-
tiff saw these stones, and continued on her way; that she
had stepped over one stone, and, when in the act of step-
ping over another, stubbed her toe, fell, and was severely
injured.  The injury occurred in the daytime, and the
plaintiff saw the stone.  The circuit judge charged the
jury that the plaintiff was guilty of contributory negli-
gence, and could not recover.  Plaintiff brings error.

We think this ruling correct.  Plaintiff cites the case
of *Laughlin* v. *Railway Co.*, 62 Mich. 220, and other
cases, in which it is held that knowledge of an obstruction
or defective condition of a street does not make it negli-
gence *per se* for the plaintiff to continue to attempt to
pass over such defective way.  But none of these cases

go the length required here, where the nature of the obstruction and the steps necessary to avoid it are both apparent and in the mind of the plaintiff at the very moment of the accident. If this had been a defect of which the plaintiff simply had had previous knowledge, and which knowledge was not in her mind at the time, or if her attention had been diverted from the obstruction, there would be ground for the plaintiff to stand upon. See *Graves* v. *City of Battle Creek*, 95 Mich. 266 (35 Am. St. Rep. 561). But she not only knew of the presence of this stone in the way; she knew how to avoid stubbing her toe against it. For, aside from the fact that the court might well assume that any person would know the effect of stubbing the toe against an obstruction, it appears that this plaintiff knew how to avoid it, from the fact that she had stepped over other stones in similar position, before reaching this. The condition was perfectly apparent to her. There were no latent defects. She knew precisely the risk she assumed, and assumed it. The case falls within *Black* v. *City of Manistee*, 107 Mich. 60.

Judgment affirmed.

LONG, C. J., GRANT and MOORE, JJ., concurred. HOOKER, J., did not sit.