## SCHWINGSCHLEGL *v.* CITY OF MONROE.

1. PERSONAL INJURIES — SIDEWALKS—KNOWLEDGE OF DEFECT — CONTRIBUTORY NEGLIGENCE.

   The fact that the plaintiff in an action for injuries sustained by reason of a defective sidewalk was familiar with the unsafe condition of the walk does not preclude a recovery, if, in passing over the walk, he used such care and caution as a prudent man would ordinarily exercise in view of the danger.

2. SAME—DAMAGES—PRE-EXISTING CONDITIONS—INCREASE OF DISABILITY.

   Where, in an action for personal injuries, there is evidence that the conditions ascribed by plaintiff to such injuries were due in part to a pre-existing disease, it is the duty of the jury, if they find such theory to be established, to determine to what extent the pain, suffering, and disability were increased by reason of the injury, and to allow a reasonable compensation for such increase of pain, suffering, and disability, and for the expense incurred on account thereof.

| | |
|---|---|
| 113 | 683 |
| 117 | 661 |
| 113 | 683 |
| 120 | 327 |
| 113 | 683 |
| f122 | 68 |
| 113 | 683 |
| 125 | 627 |
| 113 | 683 |
| s72NW | 7 |
| 131 | $448n$ |
| 131 | $459$ |
| 113 | 683 |
| f136 | $507$ |
| 113 | 683 |
| 141 | $21$ |
| 113 | 683 |
| 156 | $294$ |

Error to Monroe; Kinne, J.    Submitted June 17, 1897. Decided July 13, 1897.

Case by Antoine Schwingschlegl against the city of Monroe for personal injuries.   From a judgment for plaintiff, defendant brings error.    Affirmed.

*A. B. Bragdon* and *C. A. Golden*, for appellant.

*Ira G. Humphrey* and *Willis Baldwin*, for appellee.

MOORE, J. The plaintiff, a deaf mute, recovered a judgment against defendant for injuries received upon a defective sidewalk.   Defendant appeals, and assigns, among others, errors in relation to matters that have been before this court so often it would not be profitable to discuss them.   The assignments of error we deem important will be discussed.

The record shows that, in the winter of 1894, plaintiff slipped upon the ice. In March he slipped upon the sidewalk, and sprained his ankle so badly that he had it treated by a doctor. The evidence on the part of the plaintiff indicated that it was nearly, if not quite, well, when he received the injury, June 10th, for which this action is brought. In the winter, prior to the time of the accident, a sewer passing under the sidewalk was torn up. It was afterwards filled as well as could be done in winter weather, and some boards were laid upon the ground to keep people passing over the walk out of the mud. In the spring the earth settled under these boards from two to six inches. The boards were not nailed, but lay flat upon the earth, and sometimes the rain and sun had the effect to warp them so that one of them would roll under the person stepping upon it. There was abundant testimony to go to the jury showing that the municipal authorities had notice of the unsafe condition of the walk. The plaintiff passed over this walk frequently, and had passed over it early in the evening of the same day when the accident occurred. The injury was received about 10 o'clock in the evening. The defendant asked the court to take the case away from the jury for the reason that plaintiff was familiar with the walk, and knew its condition, and in passing over it was guilty of contributory negligence. The court declined to do this, but instructed the jury:

"It appears from the evidence in this case on the part of the plaintiff, and I think from his testimony, that he was familiar with the alleged unsafe condition of this sidewalk. That fact does not necessarily forbid or preclude a recovery for plaintiff, but it imposed upon him the obligation to use that knowledge and act upon that information in passing over that sidewalk. It placed upon him the duty to exercise more than ordinary care to go himself carefully and prudently in view of such recognized danger, and to use such reasonable care and caution as a prudent man would ordinarily exercise in view of such fact, and in view of all the circumstances which surrounded the plaintiff at the time of the alleged accident."

We think the learned judge correctly stated the law in relation to this feature of the case.  *Lowell* v. *Township of Watertown,* 58 Mich. 568; *Harris* v. *Township of Clinton,* 64 Mich. 447 (8 Am. St. Rep. 842); *Dundas* v. *City of Lansing,* 75 Mich. 499 (13 Am. St. Rep. 457); *Brezee* v. *Powers,* 80 Mich. 172; *Ashman* v. *Railroad Co.,* 90 Mich. 567; *Corcoran* v. *City of Detroit,* 95 Mich. 84; *Dittrich* v. *City of Detroit,* 98 Mich. 245; *Germaine* v. *City of Muskegon,* 105 Mich. 213; *Whoram* v. *Township of Argentine,* 112 Mich. 20.

It was the claim of the plaintiff that the injuries from which he suffered, and for which he was compelled to go to the hospital for treatment, were received from the fall, June 10, 1894.  It was the claim of the defendant that plaintiff's condition did not result from the fall June 10th, but resulted from tuberculosis and the previous injuries. The defendant asked the court to take the case from the jury, arguing in the court below, as is argued here, that the testimony was undisputed that plaintiff's condition was the result of tuberculosis.  The testimony is in dispute as to what caused the condition of the plaintiff; the testimony of defendant's witnesses indicating it was caused by tuberculosis and the previous hurt, while the testimony on the part of the plaintiff was that the development of the tuberculosis itself was caused by the injury of June 10th, and would not have resulted in the absence of that injury.  The trial judge charged the jury that plaintiff could recover only for the injury of June 10th, and for the results of the injury.  He then called the attention of the jury to the evidence in relation to the physical condition of the plaintiff, and the diseased condition called tuberculosis, and instructed the jury, if they found tuberculosis did not enter into his condition, they might disregard the evidence in relation to it.

"If, however, you find that it has entered into his condition, and does now, and is to a certain extent responsible for his present situation, then I instruct you as follows: Even though you should find that the plaintiff was

suffering from a prior injury to the same ankle, and that it had not recovered at the time of the accident in question, that would not be a bar to his recovery in this case, but would affect the question of the amount of damages; that is, it would not affect the question of the damages, only it would be then your duty to determine from all the evidence what portion of his pain and suffering and disability was due to the injury in question, and to allow him a reasonable compensation for such increase of his pain and suffering, increased disability, and expense incurred on account thereof, by reason of this accident, and award him such damages as you think, under the evidence in this case, he is entitled to receive, and which would be a just and fair compensation therefor."

Taking the charge as an entirety, we do not think defendant has any occasion to complain of it.

Judgment is affirmed.

The other Justices concurred.