125	511
s84NW1077
131	458
125	511
j146	263

KING *v.* TOWNSHIP OF COLON.

DEFECTIVE HIGHWAY—CONTRIBUTORY NEGLIGENCE.

*K., a girl 14 years old, had passed a hole in the public highway for several weeks twice a day; knew its existence; had avoided it every time she passed it previous to the accident; stepped into it in broad daylight. There was nothing to hinder her from seeing it, and she testified that if she had been looking she would have seen it. *Held*, that she was guilty of contributory negligence, and could not recover.

* Head-note by GRANT, J.

Error to Kalamazoo; Buck, J. Submitted October 4, 1900. Decided January 29, 1901.

Case by Mary J. King, an infant, by David King, her next friend, against the township of Colon, for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

On June 1, 1889, plaintiff, then 14 years of age, on her way home from school stepped into a hole in the public highway, by reason of which she claims to have received injury. Nearly 5 years afterwards she instituted this suit, through her father, to recover damages therefor. At the place of the accident the land was low. It had been filled in, and a tile put through the fill to allow the passage of water. In the north wheel track the tile had been broken in, leaving a hole about 18 inches deep. This had existed for some months. Plaintiff testified that she was walking forward when she stepped into the hole. A schoolmate testified that she and plaintiff were running a race backward when she stepped in. She walked home, a mile and a half, after the accident, without difficulty. It is claimed by the defendant that the injury from which she suffered was caused afterwards, by a horse stepping upon her foot. This claim is sustained by several disinterested witnesses, but denied by plaintiff. Her own testimony as to the manner of the accident is as follows:

"The hole in the tile was broken through in the fall or early spring of '88 or '89. It might have been before that time. I noticed the hole some time before I stepped into it, having passed it twice each day during the school days. I went to school in the morning and came home in the afternoon of that day, and the hole was perfectly visible, and I had no difficulty in seeing it was there, and I had no difficulty in seeing where the wagon tracks were. On this day the school let out at 4 o'clock in the afternoon, and I started home as soon as it was out, and it was probably 15 or 20 minutes after 4 when I got to the place where the hole was in the tile. It was some time the latter part of May or in June, and it was broad

daylight. There was nothing to hinder me from seeing the hole, and if I had been looking down at the ground I would have seen it, as I had known that it was there for a long time; and there was plenty of room to go around the hole. I had walked around it day in and day out as I passed. There might have been some difficulty if I had followed directly in the wagon tracks in passing the hole, as there was a mud puddle; and there would have been no difficulty about getting by there without getting into the hole. * * * I was paying absolutely no attention to where I walked. I do not know as I thought about the mud puddle being there."

*Howard, Roos & Howard* and *H. P. Stewart,* for appellant.

*Alfred Akey* and *D. L. Akey,* for appellee.

GRANT, J. (*after stating the facts*). I have examined all the negligence cases decided by this court—and they are many—against townships and cities for defective highways and sidewalks. I find none which presents the exact question now before the court. Plaintiff knew of the defect. It was apparent to any one. Travelers by carriage had made a new wheel track around it. She had passed it twice nearly every day for weeks. She was a girl of sufficient age and intelligence to, and did, appreciate the danger, and the necessity of avoiding the hole. She knew she was in the vicinity. She knew that a single glance would show her where it was, and that there was not the slightest difficulty in avoiding it, as she had always done before. If plaintiff's contention be the law, then the familiar rule that what one can, by the exercise of the slightest prudence or care, see, he must be held to have seen, does not apply to persons traveling in our public highways and streets. No excuse is given, except that she did not look. Is there no duty imposed upon travelers to look when they are traveling upon the public highways, in the very presence of known defects and danger? The court charged the jury that:

"It·was the duty of Mary King, in passing along, to use ordinary care and prudence, and this care and prudence must be commensurate with the fact that she knew the hole was in the road; and if, by the exercise of ordinary care and prudence, she could have avoided it, she could not recover."

Where can a jury find acts of care and prudence where one walks into a known dangerous place without looking?

The court further said to the jury:

"The defendant claims that the plaintiff was not in the exercise of ordinary care; that she knew of the defect in the highway; that she paid no attention to it; that she was running a foot-race backward at the time she stepped into this hole. If you find that the claim of the defendant is true, then, however negligent the township may have been, she could not recover."

The first two facts referred to in the above instructions, viz., that she knew of the defect and paid no attention to it, were admitted. The third alone was denied. Under this branch of the charge, the jury would have been justified in finding that, if she was not running a foot-race backward, she was entitled to recover. What is the difference in result or in principle between walking backward into a known and apparent danger, and walking forward into the same danger without a thought or a look? What is the difference in result or in principle between walking forward into the same danger with one's eyes shut, or open without looking? The only theory upon which this verdict can be sustained is that it is not negligence to walk on a public highway, in the presence of a known dangerous defect, without thinking and looking. This, in fact, was the theory of the charge. Why should it be negligence to walk backward? This is one of the common sports of children even older than plaintiff. And, if she had walked into this hole while reading a book,—and reading books while walking is no uncommon thing,—would this have excused her? If, instead of this hole, one or two planks had been removed from a bridge to·prevent teams from passing over it on account of a defect, but persons

could safely pass over upon the stringers or a single plank laid over the hole, could a person recover damages for falling into such hole in broad daylight, upon the statement that he was aware of the opening, but did not think of it? There is no decision in this State which leads to such a conclusion. If there is, it ought, in my judgment, to be overruled. In all the cases there are circumstances surrounding the transaction to excuse the act of the plaintiff in getting upon the dangerous place.

Plaintiff relies largely upon *Dundas* v. *City of Lansing*, 75 Mich. 499 (42 N. W. 1011, 5 L. R. A. 143, 13 Am. St. Rep. 457). The accident in that case happened in the night-time. It was held that the darkness of the night, the storm, and her (plaintiff's) anxiety to get home were all circumstances that should be weighed by the jury as bearing upon her conduct. No such excusatory circumstances exist in this case.

In *Graves* v. *City of Battle Creek*, 95 Mich. 266 (54 N. W. 757, 19 L. R. A. 641, 35 Am. St. Rep. 561), the accident occurred in the night-time. Plaintiff, a woman, as an excuse for stumbling over a loose plank, which she might have seen, testified that, just before she stumbled, she heard a whistle, and became frightened and hurried on. It was held that the court should have submitted to the jury the question of whether this circumstance, coupled with the fact that it was in the night-time, was sufficient to excuse her immediate attention to the walk at the exact time of the injury.

In *Lowell* v. *Township of Watertown*, 58 Mich. 568 (25 N. W. 517), the accident happened on a dark and misty night, while plaintiff was walking along the highway. He knew of the defect,—a hole about a foot square, —and had it in mind. *Held*, that the question of contributory negligence was for the jury, under all the facts and circumstances.

The rule is well stated by Justice McGRATH in *Dittrich* v. *City of Detroit*, 98 Mich. 245, 248 (57 N. W. 125):

"While contributory negligence is not to be presumed from the knowledge of the existence of the defect, such knowledge enjoins upon a party a degree of care commensurate therewith."

In *Grandorf* v. *Railway Co.*, 113 Mich. 496 (71 N. W. 844), plaintiff was held to have assumed the risk in passing over paving stones which she saw scattered across the walk. Could she have recovered had she testified that she did not see them, though it was broad daylight? Would she have been excused by testifying that she was not thinking of the situation, and therefore did not look?

We might comment upon many other cases decided by this court, but do not deem it necessary. An examination of them will show how they differ in their facts from this case. Dillon thus states the rule:

"The ordinary rules as to contributory negligence, and its effect upon the right of recovery, apply to cases such as we are now considering. Adverting in this place to the subject in a general way, it may be stated that if the person injured knew of the defect or obstruction, and ought reasonably to have avoided it by going outside or around it, and did not, he cannot recover." 2 Dill. Mun. Corp. (4th Ed.) § 1007.

In *Casey* v. *City of Malden*, 163 Mass. 507 (40 N. E. 849, 47 Am. St. Rep. 473), a boy 9 years old stepped backward into a manhole in the street. The hole was in plain sight, if the plaintiff had looked. *Held*, that he voluntarily adopted a dangerous method in crossing a public street, and his injury was a natural consequence of his carelessness. Would he not have been equally negligent if he had walked forward into the hole without looking?

In *Dale* v. *County of Webster*, 76 Iowa, 370 (41 N. W. 1), plaintiff, while crossing a defective bridge at night, reading a letter by the use of his lantern, fell from the bridge. He was held guilty of contributory negligence. The negligence would certainly have been as great had he walked into the defect in the daytime while reading.

The law does not excuse one for not looking when he knows of the danger, and may by a glance see it and avoid it. It would be a dangerous doctrine that one injured in the public highway in broad daylight may excuse himself by saying: "It is true that I knew of the dangerous place; that I was in close proximity to it; that I might have seen it had I looked. But I did not think of it, and therefore did not look." I find no case which lays down such a rule of law.

Judgment reversed, and, inasmuch as no different case can be made upon a new trial which would not be wholly inconsistent with plaintiff's case as here made, none will be granted.

The other Justices concurred.