McTIVER *v.* TOWNSHIP OF GRANT.

1. PLEADING—AMENDMENTS—CLERICAL ERROR.
    Where a declaration shows, on its face, an attempt to describe
    a highway in defendant township, a clerical error in stating
    the number of the town and range may be corrected by
    amendment on the trial.

2. DEFECTIVE HIGHWAYS—CONTRIBUTORY NEGLIGENCE—QUESTION
FOR JURY.
    One is not necessarily negligent in attempting to drive over a
    corduroy road which he knows to be in a dangerous condi-
    tion, where he also knows that the road is in constant use,
    and has no notice of any particular defect therein, and there
    is no other way by which he can conveniently reach his des-
    tination.

Error to Cheboygan; Shepherd, J.    Submitted June 4,
1902.    (Docket No. 101.)    Decided September 30, 1902.

Case by Silas M. McTiver against the township of Grant
for. injuries to horses, caused by a defective highway.
From a judgment for plaintiff, defendant brings error.
Affirmed.

*Cross & Harpster*, for appellant.

*C. F. Hull* ( *C. S. Reilley*, of counsel ), for appellee.

MONTGOMERY, J.    The plaintiff recovered a judgment
of $300 in an action against the defendant based upon the
defendant's failure to keep a certain highway in a condi-
tion reasonably safe for travel.    The testimony tended to
show that the highway in question, on the west side of
Black Lake in defendant township, consisted, in one por-
tion of its length, of a corduroy way some 30 to 40 rods in
extent; that the plaintiff had occasion to go to the farm of
one John Grant to get some hay, which he had contracted
for; that the usually traveled way was the one in ques-

tion; that he started out two teams in charge of drivers, and that he himself followed with a single driving horse. The testimony further tended to show that the corduroy was not in good condition, and that, while crossing this portion of the road, the plaintiff's driving horse stepped on a rotten piece of corduroy, and broke through, receiving injuries. Plaintiff repaired this place in the corduroy, and proceeded to the residence of Mr. Grant, caused the hay to be loaded, and started the teams in charge of the drivers homeward, cautioning the drivers to use care in crossing the corduroy. In crossing, one of the teams passed safely, but the other broke through. There was another road on the opposite side of the lake, but it was a much longer route, and there was some testimony to the effect that a bridge on this road was out of repair.

Plaintiff testified as follows as to his knowledge of the condition of the road:

"This road is a pretty bad piece of road. The corduroy is dangerous to drive over. I can't say that I ever drove over it when I considered it was not dangerous. I had not driven over it that summer since the snow went off. I told my men to be careful. I found enough to warrant me in telling them. I went down to look after the men, to see if they got through all right, and, if anything happened, to help them out. I told them to be careful on the corduroy when they started from home.

" *Q.* What did you say to them?

" *A.* Why, I told them to be careful in going over, and they would get over all right. Other teams had done the same, and I supposed I could, and charged them to be careful expressly on the corduroy.

" *Q.* You knew there was a poor road there, didn't you?

" *A.* Yes, but what difference would that make to me? How could I help it?

" *Q.* Then you was a little skittish about that highway? You stopped, and tied your horse, and went to help these other teams; is that the idea?

" *A.* No, I tied the horse, and followed them along, so that, if anything happened, I would be there to help them.

" *Q.* Why did you do that? ·

"*A.* Why, I knew it wasn't altogether right. I knew that there might be a chance to get them horses in. I just tied my horse there, because, if one of the teams got hurt, I didn't want to get out and in again. I knew that there was a better chance of them getting in than her.

" *Q.* The first team got over all right?

"*A.* Yes."

At the close of the plaintiff's case, an amendment to the declaration was permitted in the statement of the number of the town and range. Plaintiff recovered for the injury to the driving horse, and also for the injury to the team.

Two questions are raised by this appeal: *First*, was the amendment properly permitted? and, *second*, was the plaintiff guilty of contributory negligence, as a matter of law, in attempting to pass over the way?

The amendment was properly allowed, as the declaration on its face showed that the attempt was to describe a highway in the defendant township, and the misstatement of the town and range was a clerical error, which could not have misled the defendant.

We are not prepared to hold that the knowledge which the plaintiff possessed that this highway was in general in a dangerous condition precluded him from the right to attempt to pass over it, using care for that purpose. He knew that the highway was in constant use; that others were daily using it. And while he knew that it was not in perfect condition, we are not prepared to say that he must be held bound to have anticipated the exact danger encountered. There are cases in which one knowing of the existence of a hole in the way, or a particular defect, stepping into which would necessarily result in injury, has been held guilty of negligence in walking into such danger. In such cases the exact danger is known and assumed. Such cases are *Black* v. *City of Manistee*, 107 Mich. 60 (64 N. W. 868); *Grandorf* v. *Railway Co.*, 113 Mich. 496 (71 N. W. 844); *King* v. *Township of Colon*, 125 Mich. 511 (84 N. W. 1077). But the true test is, Was the danger arising from the known defect obvi-

ously of such a character that no person in the exercise of ordinary prudence would attempt to pass over the highway at that point? If not, it is not negligence, as matter of law, for one to attempt to pass over a highway known to be defective. *Lowell* v. *Township of Watertown*, 58 Mich. 568 (25 N. W. 517); *Laughlin* v. *Railway Co.*, 62 Mich. 220 (28 N. W. 873); *Harris* v. *Township of Clinton*, 64 Mich. 447 (31 N. W. 425, 8 Am. St. Rep. 842); *Schwingschlegl* v. *City of Monroe*, 113 Mich. 683 (72 N. W. 7). See, also, 15 Am. & Eng. Enc. Law (2d Ed.), 470. Had there been an accessible way to drive around this corduroy, or to turn the team out to pass it, the case might have been different. We think it was not error to submit the case to the jury.

Judgment affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.