[No. 7843]

THE CITY OF COLORADO CITY v. HUNT.

1. CONTRIBUTORY NEGLIGENCE—*Effect*—One cannot heedlessly rush into a known danger, and then hold another, though negligent in causing the danger, responsible for the consequences.

2. ——*Example*—Plaintiff in going to her home on a dark night was injured in attempting to jump over a ditch in one of the public ways of the city. She knew of the ditch and its location. There were several safe ways by which she might have reached her home without crossing the ditch. There was no emergency requiring her to proceed with haste, or to incur any danger. *Held*, she was guilty of contributory negligence barring her action against the city.

*Error to El Paso District Court.*—Hon. J. W. SHEAFOR, Judge.

Mr. F. F. SCHREIBER, for plaintiff in error.

Messrs. VANATTA & DOLPH, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

Many errors are assigned. It is unnecessary to pass upon them in detail for the verdict was wholly unwarranted by the evidence. It is apparent from the record that the case cannot, at another hearing, present any aspect materially different from that in which it now appears.

Mrs. Hunt brought this action account of personal injuries resulting from the city's alleged negligence in failing to put in a safe condition for travel a portion of an alley which it is alleged had been rendered unsafe by reason of certain work done therein by the city in cleaning out an irrigation ditch which crosses the alley. Verdict and judgment were in her favor.

The evidence discloses that she had lived in the vicinity where the accident occurred for over two years; that she knew that the ditch crosses the alley; that she had repeatedly crossed it, but for some time it had been filled up at this place; that she was in Manitou about two weeks, returning with her sister-in-law the night of the accident; that when they left the street car they took a cut-off route to her home, which led through vacant lots as well as this alley; that when she got to the ditch she discovered that there had been something done to it; that sand was piled up on the side she came to; that before she jumped she saw the ditch had been dug out, she could not see how deep; that she thought it about two feet wide; that she knew what ditch it was, and could

see it had been cleaned out, but she could not see how deep; that it was very dark that night; that the ridge made by the dirt was about a foot and a half high; that her sister-in-law preceded her over the ditch, and she went up about two feet where she thought it a better place and jumped to get across; that she hit a boulder and fell on her side; that she did not jump far enough to light on the other side; that when they got there her sister-in-law said they would have to jump the ditch; that she did not jump where her sister-in-law jumped; that when she jumped the sand slipped under her feet. The testimony is undisputed that there was a bridge across this ditch at one of the streets which parallels this alley and that there were several ways by which the defendant could have gone around and gotten home without crossing the ditch in the alley after ascertaining its condition.

There is no evidence that there was any water in the ditch, the inference is to the contrary, and there is no evidence which discloses any emergency constraining them to travel in a hurry, or over any dangerous place. Certainly a person cannot heedlessly rush into danger (the existence of which he is perfectly aware of) and then hold another, whether negligent or not, responsible for the consequences. In her cross examination the sister-in-law stated that she realized it was dangerous when she tried to jump; that she did not take any precaution to see whether it was narrower at any other place; that she just took her own risk and jumped. The evidence is convincing that the defendant in error did likewise and with full knowledge of the dangerous condition, and without using any reasonable effort to ascertain the extent of the danger, or if it could be avoided and without any necessity for so doing, she proceeded to attempt to jump across the ditch; for these reasons (assuming arguendo that the city was negligent) she was guilty of contributory negligence as a matter of law and must be held to the result,

as her sister-in-law stated concerning herself, of taking her own risk.   Authorities sustaining this conclusion are: *Union C. & C. Co. v. Sundberg,* 36 Colo. 8, 85 Pac. 319; *Wells et al. v. Coe,* 9 Colo. 159, 11 Pac. 50; *Colorado Cent. R. R. Co. v. Martin,* 7 Colo. 592, 4 Pac. 1118; *Garbanati v. City of Durango,* 30 Colo. 358, 70 Pac. 686; *Colo. & Southern Co. v. Reynolds,* 51 Colo. 231, 116 Pac. 1043; *Irion v. City of Saginaw,* 120 Mich. 295, 79 N. W. 572; *Black v. City of Manistee,* 107 Mich. 60, 64 N. W. 868; *City of Columbus v. Griggs,* 113 Ga. 597, 38 S. E. 953, 84 Am. St. Rep. 257; *Gerdes v. Iron & Foundry Co.,* 124 Mo. 347, 27 S. W. 615.

For the reasons stated the judgment is reversed.

*Reversed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.