SHERMAN *v.* CONSUMERS' POWER CO.

1. HIGHWAYS AND STREETS — PERSONAL INJURIES — DEFECTIVE STREETS—QUESTION FOR JURY.

In an action against a lighting company for personal injuries sustained by plaintiff as the result of the breaking of a front axle of his loaded dray as he was driving across a trench constructed in the course of laying a cable in the street, *held*, that jury questions as to the depth of the trench and whether the street was reasonably safe for travel were presented.

2. SAME—DUTY OF PUBLIC SERVICE COMPANY TO RESTORE STREET.
It is the duty of a lighting company to restore a city street in which it has laid its cable to a condition of reasonable safety.

3. SAME—NEGLIGENCE—NOTICE.
Notice to the lighting company of the dangerous condition of the street as a result of its imperfect repair after the laying of its cable was not necessary in order for it to be chargeable with negligence.

4. SAME—PERSONAL INJURIES—NEGLIGENCE—QUESTION FOR JURY.
In determining whether a traveler who sustained personal injuries as a result of a defect in a city street, the existence of which defect was known to him, was guilty of contributory negligence, the true test is: Was the danger arising from the defect obviously of such a character that no person in the exercise of ordinary prudence would attempt to pass over the street at that point?

5. SAME.
Whether, in attempting to drive across the trench, a known depression in the street, plaintiff was guilty of contributory negligence, *held*, to have been a question of fact for the jury.

6. SAME.
Where the danger is not clearly obvious, a person is not guilty of contributory negligence as a matter of law in attempting to drive across a known depression in a street, even though such depression could be avoided.

Error to Newaygo; Barton, J. Submitted June 21, 1917. (Docket No. 109.) Decided December 28, 1917.

Case by Earl Sherman against the Consumers' Power Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Cross, Vanderwerp & Foote* (*Clyde J. Holmes* and *W. D. Kline,* of counsel), for appellant.

*William J. Branstrom,* for appellee.

BIRD, J. In the fall of 1915 the defendant company installed a boulevard lighting system for the

city of Fremont.  While engaged in the work it cut a trench from 10 to 12 inches deep and from 10 to 13 inches wide from curb to curb across Main street, and laid in the sand beneath the macadam pavement a wire cable.  After the cable was laid the trench was refilled with the materials taken therefrom.  This resulted in leaving a ridge across the street.  In a short time the materials settled and the ridge gave way to a depression, which appears to have been deeper in the middle of the street where most of the traffic crossed.  While the street was in this condition plaintiff drove over it with a dray loaded with bags of feed.  When the front wheels dropped into the trench the strain broke one of the front axles, by means of which plaintiff was thrown from the load to the ground, a distance of 10 feet, striking on his right knee and permanently injuring it.  He recovered a judgment of $1,377.25 and defendant assigns error upon the refusal of the trial court to direct a verdict in its behalf.

1. At the conclusion of the testimony defendant requested a directed verdict on two grounds:

(*a*)  That no actionable negligence had been shown.
(*b*)  That plaintiff was guilty of contributory negligence.

(*a*)  It is insisted that there was no evidence that the street was not reasonably safe and fit for travel because the greatest depth of depression did not exceed 2⅛ inches, and that this depth is not great enough to raise a question of fact as to whether the highway was in reasonable repair.  Citing *Jones* v. *City of Detroit*, 171 Mich. 608 (137 N. W. 513) ; *Jackson* v. *City of Lansing*, 121 Mich. 279 (80 N. W. 8) ; *City of Dayton* v. *Glaser*, 76 Ohio St. 471 (81 N. E. 991) ; *Hamilton* v. *City of Buffalo*, 173 N. Y. 72 (65 N. E. 944) ; *Powers* v. *City of New York*, 121 App. Div. 433

(106 N. Y. Supp. 166) ; *Lalor* v. *City of New York,* 208 N. Y. 431 (102 N. E. 558, Am. & Eng. Ann. Cas. 1916E, 572).

The two Michigan cases cited deal with depressions 3 inches in depth. In the other cases cited the depressions were 4 inches. While it is necessarily very difficult to fix any precise depth which will raise a question of fact as to whether the highway was in reasonable repair, we think that where the proofs show, as they did here, that the depression where plaintiff passed over it was from 12 to 13 inches wide and from 7 to 9 inches in depth, with hard perpendicular sides (caused by cutting down through the concrete pavement), it presents a fair question for the jury whether the highway was in reasonable repair and fit for travel. Defendant's counsel argues the question based upon measurements made many months after the injury occurred, which then showed about 2 inches depression, whereas plaintiff testified that he measured the trench within a month after the injury and found it to be 7 inches in depth in the center where he crossed, and about 13 inches wide. He further testified that it was deeper at the time he passed over it, it being between 8 and 9 inches deep at that time. The question was one for the jury to determine the depth of the trench, and whether under all the conditions the highway was reasonably safe for travel.

It is further urged that no actionable negligence was shown, because it appears that the materials taken from the trench were replaced and the way made reasonably safe for travel, and it is argued that if it subsequently became unsafe defendant should have had notice of its condition. If the highway were out of repair it was made so by the operations of defendant, and it was its duty to restore it to a condition of reasonable safety. *Williams* v. *Sager,* 165 Mich. 635 (131 N. W. 103). This case was an action

against a paving contractor for leaving the street in a defective condition without guarding it. It was there said:

"Whether defendant rightfully or wrongfully made the excavation in the public highway, he was liable for an omission to properly guard and protect the public against injury, and his duty to the plaintiff in that regard could neither be increased nor diminished by his promise to the city."

No notice was necessary to advise defendant that the highway had subsequently become unsafe if it were the result of imperfect repairs on its part, but if notice were necessary the plaintiff appears to have supplied it in this instance as the record shows that Mr. Rumsey, the engineer and sole representative of the defendant, who directed the improvement, was notified of the condition of the street prior to the accident and that he promised the mayor of the city he would repair it.

2. It is asserted that plaintiff was guilty of contributory negligence (*a*) because he had previous knowledge of the defect, and (*b*) because there was another route which he could have traveled from the station to his place of business.

(*a*) The argument is made by defendant that plaintiff knew of the defect; that he conducted a flour and feed store on Main street not far from the defect; that it was daylight, and that his act in driving into the trench was contributory negligence as a matter of law. Citing *Smith* v. *City of Jackson*, 106 Mich. 136 (63 N. W. 982) ; *Black* v. *City of Manistee*, 107 Mich. 60 (64 N. W. 868) ; *Church* v. *Village of Howard City*, 111 Mich. 298 (69 N. W. 651, 66 Am. St. Rep. 396) ; *King* v. *Township of Colon*, 125 Mich. 511 (84 N. W. 1077) ; *Hodge* v. *City of St. Louis*, 146 Mich. 173 (109 N. W. 252).

On the other hand, plaintiff contends for the oft-

repeated holding of this court that it is not negligence, as a matter of law, for one to attempt to pass over a highway known to be defective, and cites *Lowell* v. *Township of Watertown*, 58 Mich. 568 (25 N. W. 517) ; *Harris* v. *Township of Clinton*, 64 Mich. 447 (31 N. W. 425, 8 Am. St. Rep. 842) ; *Dundas* v. *City of Lansing*, 75 Mich. 499 (42 N. W. 1011, 5 L. R. A. 143, 13 Am. St. Rep. 457) ; *Argus* v. *Village of Sturgis*, 86 Mich. 344 (48 N. W. 1085) ; *Finn* v. *City of Adrian*, 93 Mich. 504 (53 N. W. 614) ; *Sias* v. *Village of Reed City*, 103 Mich. 312 (61 N. W. 502) ; *Germaine* v. *City of Muskegon*, 105 Mich. 213 (63 N. W. 78) ; *Schwingschlegl* v. *City of Monroe*, 113 Mich. 683 (72 N. W. 7) ; *McTiver* v. *Township of Grant*, 131 Mich. 456 (91 N. W. 736) ; *Belyea* v. *City of Port Huron*, 136 Mich. 504 (99 N. W. 740) ; *Wolverton* v. *Village of Saranac*, 171 Mich. 419 (137 N. W. 211).

It was held in *McTiver* v. *Township of Grant, supra,* that the true test is: Was the danger arising from the known defect obviously of such a character that no person in the exercise of ordinary prudence would attempt to pass over the highway at that point? The defect in question had existed for several weeks, and was passed over daily by the traveling public, and plaintiff admitted that he had driven over it several times. Plaintiff's testimony shows that he had the defect in mind a few moments before he reached it, but his attention was attracted away from it momentarily to his high spirited horses, one of which was afraid of some approaching automobiles. This testimony appears to bring the question within the latter class of authorities and within the realm of fact.

(*b*) Even if there were another way by which plaintiff could have avoided passing over the trench, the danger of doing so was not so obvious that he would be guilty of negligence as a matter of law in attempting it. *Harris* v. *Township of Clinton, supra;*

*Argus* v. *Village of Sturgis, supra; Germaine* v. *City of Muskegon, supra.*

As we find no reversible error in the refusal of the court to direct a verdict the judgment will be affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.